Snelgrove, v. The Branch Bank at Mobile.

## SNELGROVE v. THE BRANCH BANK AT MOBILE.

1. Where process issues against A. S, and A. L, setting out their names at length, and is returned executed on S, merely stating his sir. name, it will be intended that he is the person of that name designated in the process.
2. Where process issued to the sheriff of a particular county, and is returned executed by S. B, as sheriff, generally, the court will recognize him as the person of that name who is sheriff of the county.
3. In a summary proceeding, at the suit of a Bank, against its debtor, an appellate court will not look to the notice sent up with the record, for the purpose of contradicting the recital in the judgment, where there had been no contestation in the primary tribunal.
4. An allegation that a note was duly and regularly indorsed to the plaintiff, includes within itself an averment, that the paper was indorsed by the payee.
5. Where a judgment was rendered in favor of " The President of the Bank, &c." omitting the words " and directors," which were part of the corporate name; the omission is a mere clerical misprision, amendable at the costs of the plaintiff in error.

Writ of Error to the County Court of Mobile.

The judgment entry in this cause, shows that this was a proceeding by notice and motion, at the suit of the defendant in error, under its charter, to recover the amount due on a promissory note, which had been discounted by the Bank. The notice was addressed to the sheriff of Wilcox, and is endorsed as follows: "Received the 7th May, 1841, executed May, 11th 1841, on Snelgrove; Samuel Burnett, sheriff, by S. Gregg, deputy." A judgment by default was rendered against the defendant, for the amount said to be due on the note, for principal and interest.

It is here assigned for error,

1. That the service of the notice does not sufficiently appear.

2. The notice describes a note dated the 15th May, while that recited in the judgment states the date to be, the 13th May.

3. The note does not appear to have been endorsed by the payee to the Bank.

4. It does not appear that the motion for judgment was made on the day stated in the notice.

5. The judgment is not rendered in favor of the defendant in error by its corporate name.

STEWART, for the plaintiff in error.
MOORE, for the defendant.

COLLIER, C. J.—1. The notice in express terms, requires "Alfred Snelgrove and Aaron Livingston," to be informed that the plaintiff below, will move for judgment against them, and when it is returned, served on "Snelgrove," the conclusion of law in the absence of a plea, denying the fact, is that he is the individual of that name, who is intended by the notice. As to proof of the official character of Burnett, none is necessary. We have repeatedly held, that we must know without proof who are sheriff's ·&c., in the different counties of this State. If we were not judicially charged with this knowledge, the mere statement by a person returning process, that he was sheriff of a particular county, would be no evidence of the fact.

2. In the present·case the judgment was rendered by default, and, as has been repeatedly held, in such cases, the notice, the office of which is to bring the defendant into court, and inform him what he is to answer, can only be looked to, when recited in the judgment entry for the purpose of curing defects. If the defendant would object to the cause of action set out in the notice he should appear and contest it; where this is not done, we will not allow the recital in the judgment entry to be contradicted by the notice, even if it could be done under any circumstances. In this view, it is entirely immaterial whether the second assignment of errors, is sustained by the record, as it is not available.

3. The record, after stating that the note was made by the defendant, and Andrew Armstrong was the payee, avers that it "was duly and regularly indorsed to the said Branch of the Bank of the State of Alabama at Mobile." Now, the indorsement could only be duly and regularly made by the payee, and the averment recited must be considered as equivalent to a special allegation that such is the fact.

4. It is stated in the judgment entry, that the defendant had thirty days notice, that the plaintiff " on this day, would move for judgment against him." Terms could not well be conceived more explicit to show, that the motion was made at the time indicated by the notice, even if it were essential to the regularity of the judgment that it should so appear.

5. The judgment, instead of being rendered in favor of the

plaintiff, by its corporate name, is, " *that the President of* the Branch of the Bank of the State of Alabama at Mobile, recover, &c." This is an irregularity, yet it must be regarded as a clerical misprision, not fatal to the judgment, but amendable under the act of 1824, " to regulate pleadings at common law," at the costs of the plaintiff in error. It has been repeatedly adjudged, that a judgment against an executor or administrator, *de bonis propriis,* is a mere misprision, and by analogy, we think the mistake in the present case cannot be considered more serious.

There is then, no error which authorises the reversal of the judgment, but it will be so amended as to be rendered in the corporate name of the defendant in error, and the plaintiff will pay the costs of this court.