## FOWLER vs. BANKS.

1. An endorsement by the sheriff on a writ in detinue, that, by virtue of the writ, he had taken the property therein described, and five days having elapsed, and the defendant failing and refusing to put in bond, and the plaintiff having put in bond within five days, that the property had been delivered to the plaintiff, is not sufficient to show that he had executed the writ on the defendant, and will not support a judgment by default.

ERROR to the Circuit Court of Tallapoosa.

Tried before the Hon. EZEKIEL PICKENS.

DETINUE by Banks against Fowler; judgment by default. Error assigned: "That the judgment was by default, when the record does not show that the writ had been executed on the defendant."

LEFTWICH, for plaintiff in error.

FAIR & WHATLEY, contra.

PHELAN, J.—This was an action of detinue, and there was a judgment by default. The only endorsement on the writ by the sheriff, is in these words: "Rec'd in office, Feb'ry 1, 1851. Hugh Lockett, Sheriff." "By virtue of the within writ, I have taken the property described in said writ; and

five days having elapsed, the defendant failing and refusing to put in bond as the law directs, and the plaintiff having put in bond within five days, the property is delivered to the plaintiff accordingly, this, Feb'ry 6, 1851. Hugh Lockett, sheriff."

This is no sufficient return of the sheriff, that he had executed this writ upon the defendant. If he were sued for a false return, for returning the same executed, such an endorsement as this could not support the averment that he had so returned it. The judgment being by default, and the writ not appearing to have been executed, the judgment below must be reversed, and the cause remanded.

We remand the cause, as possibly the sheriff may wish to amend his return, so as to show that the writ was in fact executed.