# Veasey *v.* Brigman.

*Statutory Action in nature of Ejectment.*

1. *Service of process; description of defendant.*—In an action against A. J. Veasey, a return showing service of process on "Jack Veasey, the defendant," is sufficient to support a judgment by default.

APPEAL from the Circuit Court of Covington.

Tried before the Hon. JOHN P. HUBBARD.

Statutory action in nature of ejectment, by Frances Brigman against "A. J. Veasey;" and judgment by default, here assigned as error.

JNO. D. GARDNER, for appellant.

W. D. ROBERTS, *contra.*

McCLELLAN, J.—The following is the assignment of error on this appeal: "Comes the appellant in this cause, and assigns for error, 1st, the judgment of the court, it not appearing that the defendant, A. J. Veasey, was served, or had notice of the bringing of the suit." The record shows a complaint filed by Frances Brigman against A. J. Veasey; a writ issued by the clerk of the court on May 19, 1890, commanding the sheriff to summon A. J. Veasey to appear and answer the complaint of Frances Brigman; that this writ was received by the sheriff May 20, 1890, and bears the following indorsement: "Executed this 20th day of August, A. D. 1890, by leaving a copy of the within summons and complaint with Jack Veasy, the defendant." Signed "*M. C. Gault,* sheriff." We suppose the objection to this service is rested on the fact that it purports to have been made on "Jack"—not A. J.—Veasey. It is untenable. Had only the surname been written in the return—had the service been "by leaving a copy," &c., with "Veasey," it would have been good, the presumption being that the defendant was thereby intended (*Snelgrove v. Branch Bank of Mobile,* 5 Ala. 295); and surely the fact that a given name is set out, the initial letter of which is the same as one of the initials by which the defendant is designated in the summons and complaint, can have no tendency to overturn this presumption,

but rather to strengthen it. But the return goes further than this. It not only asserts that service was made upon Jack Veasey, thus raising the presumption that the person served was the person sued, but it affirms that "Jack Veasey" is the defendant in the cause, and designated therein by the name of A. J. Veasey. We have no hesitation in reaching the conclusion that service was upon A. J. Veasey, the defendant, and that upon his failure to appear, judgment by default was properly entered against him.

Affirmed.