# Hayes *v.* Martin.

*Ejectment.*

[Decided Feb. 17, 1906, 40 So. Rep. 204.]

1.  *Deeds; Requisites and Validity; Description of Property.*—Where the tract of land was not less than ten acres in area, the angle between the two sides of the triangle and the courses and distances of the two sides of the triangle are given, and the points on the triangle form and to which the hypothenuse was to run are given; such a description was sufficiently definite and certain to admit the deed as evidence, and for the admission of extrinsic evidence to identify the subject matter of the same.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

This cause was tried by the court without the intervention of a jury, and judgment rendered for the defendant. The court refused to permit a deed to be offered in evidence because the description was too uncertain to identify the land and refused to permit the introduction of evidence to make certain the description of the lands sought to be conveyed by the deed. The plaintiff took a non-suit and bill of exceptions, and assigned as error the action of the trial court in the exclusion of the deed and the other extrinsic evidence.

The other facts sufficiently appear in the opinion.

VAUGHN & DAVIDSON and SMITH & SMITH, for appellant.—The court erred in refusing to admit the deed as evidence of color of title and possession under it, and to admit testimony extrinsic to make certain the lands there described, citing.—*Pierce v. Clements,* 63 Ala. 284; *Doe v. Weeks,* 86 Ala. 329; *Green v. Dickson,* 119 Ala. 346, 24 South. 422; *Cottingham v. Hill,* 119 Ala. 353, 24 So. 552.

BANKS & SELHEIMER and CABINESS & WEAKLY, for appellee.—The deed did not contain sufficient data from

which the boundaries could be ascertain, and the description was so indefinite that it rendered the deed void.

HARALSON, J.—Objections to the deed from James M. Ware to James C. Armstrong, were improperly sustained. Only ten acres, as the deed specifies, no more nor less, were to be conveyed, and a diagram of the land was attached to the deed as a part of it.

The description in said deed, of the ten acres in question is, "a certain part of the N. W. of the S. E. quarter of the same section (26) in the shape shown by the dots in black and red in above diagram, and being on the west side and in the S. W. corner of the last above forty acre block above described and containing ten acres neither more nor less—and beginning at the center of the South half of said section 26 running thence north along the dividing or middle line of said section South and North to the center of said section, thence running in a southeasterly direction along and near a ravine on suitable ground for a road (on either side of said ravine) from the said center of said section in the direction of the Union Passenger Depot in Birmingham, Alabama, to the south boundary line of said last named forty acre block thence West and along the said North boundary line of said 40 acre block to the point of beginning, but it is agreed that there shall be a survey—made of said last described ten acres of said 40 acres block and a plat and description furnished by the surveyor who may make the survey, that if more than ten acres are embraced in the said certain ten acre block above described and as shown in above diagram, then so much of the north part thereof be cut off and designated by the surveyor as will leave only ten acres remaining—and the excess over ten acres shall not pass by this conveyance—the surveyor's map and certificate of such survey shall be referred to, recorded and made a part of this deed."

The quantity of the land conveyed is certain. It is ten acres, neither more nor less. The particular ten acres are clearly within the description of the land the parties intended should be conveyed by the deed. They evidently did not think, and in fact, there was not less than ten acres; but they both thought there might be more than

that number included in the diagram of the lands they made a part of the deed; and so they provided, that in such case, the excess should be taken off the northerly boundary, and such excess should not be included in the conveyance. The shape of the land was triangular. The southern and western sides of the triangle, their courses and distances, are given, and the other sides was the hypothenuse of the triangle, which ran from the center of the half section in a "southeasterly direction along and near a ravine in the direction of the Union Passenger Depot in Birmingham." With this description, facts are stated from which this north east or hypothenuse boundary of the ten acres could be certainly identified. If the south and west sides had been certain, and there was no facts given in the deed from which the hypothenuse side or boundary could be ascertained, the description would have been too uncertain to convey the ten acres.—*Hurt v. Freeman*, 63 Ala. 335. "When it appears from the description that the shape of the land is triangular, if the quantity of land and the angle between two of the sides are given, the description is sufficient."—2 Devlin on Deeds, § 1013, note 6; *Wills v. Heddenburg,* (Tex. Civ. App.) 30 S. W. Rep. 702. Here, the angle between two sides of the triangle and the courses and distances of the two sides of the triangle are given, and the points in the triangle from and to which, the hypothenuse was to run are also given, and this was certain as to what ten acres were conveyed, and as to the identification of the tract.

The court erred in sustaining the objection to the introduction in evidence of the deed from Ware to Armstrong, and to the extrinsic evidence offered to identify the subject-matter of the deeds, and to connect plaintiff with the Armstrong title.—*O'Neal v. Seixas,* 85 Ala. 80.

Reversed and remanded.

TYSON, DOWDELL and SIMPSON, JJ., concurring.