# Hayes v. Martin, et al.

## Ejectment.

(Decided Jan. 12, 1909. Rehearing denied Feb. 16, 1909. 48 South. 681.)

1. *Ejectment; Burden of Proof.*—The burden was on the plaintiff to show such survey, where the deed relied on by plaintiff described the land as bounded on one side by a line to be run by a surveyor so as to embrace ten acres, the surveyor's map, etc., to be recorded as part of the deed.

159—39

2. *Same; Evidence.*—The evidence in this case examined and stated and held sufficient to sustain the judgment rendered.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Ejectment by A. W. Hayes against Annie May Martin and others. From a judgment for defendants plaintiff appeals. Affirmed.

SMITH & SMITH, for appellant. As to the sufficiency of the evidence to identify the lands counsel cite.— *Hayes v. Martin,* 144 Ala.; *Coyne v. Warrior Southern,* 137 Ala. 554; *Gaston v. McCord,* 130 Ala. 321; 55 N. J. L. 137; 24 South. 552; 2 Devlin on Deeds, Sec. 1014.

H C. SELHEIMER and CABINISS & BOWIE, for appellees. The burden was on the plaintiff to prove his title or possession.

SIMPSON, J.—This action is ejectment, brought by the appellant against the appellees, to recover the land described in the amended complaint. The case was tried by the court without a jury, and judgment was rendered in favor of the defendants. The appellant's brief states that "the sole question for decision in this case is whether or not the land sued for was sufficiently described in the conveyance, or made certain by parol evidence."

When this case was before this court at a previous term, the question was as to the admissibility of the deed from Ware to Armstrong, which is the starting point of the plaintiff's title in the case now under consideration. It will not be here set out in full, as it may be found in that case. The deed was held to be admissible, on the theory that the western side and the southern boundary are definitely described, and the deed contains sufficient directions for the running of the hypothenuse of the triangle; that direction being: "Thence—that is, from

[Hayes v. Martin, et al.]

the northern limit of the western line—running in a southeasterly direction along and near a ravine on suitable ground for a road (on either·side of said ravine), from the said center of said section, in the direction of the Union Passenger Depot in Birmingham, Alabama, to the south boundary line of said last-named forty-acre block, to the point of beginning; but it is agreed that there shall be a survey made of said last-described ten acres of said forty-acre block, and a plat and description furnished, by the surveyor who may make the survey, that if more than ten acres are embraced in the said certain ten-acre block, above described and as shown in the above diagram, then so much of the north part thereof be cut off and designated by the surveyor as will leave only ten acres remaining, and the excess over ten acres shall not pass by this conveyance. The surveyor's map and certificate of such survey shall be referred to, recorded, and made a part of this deed."—*Hayes v. Martin,* 144 Ala. 532, 40 South. 204. It will be noticed that, according to the directions in said deed, the said line was not necessarily to be a straight line from point to point, but it was to be run on ground suitable for a road, not necessarily along the ravine, but near it, and that the surveyor's map and certificate were to be "referred to, recorded, and made a part of this deed." The writer of the deed seems to have been careful to provide for a definite description to be incorporated with the deed.

Without discussing the point as to whether any other mode of proof than that provided in the deed was admissible, or as to whether the true intent of the deed was not that a survey was to be made by agreement, and, when made, was to become a part of the deed, so that, until that was done, or a line had been agreed on or established by acquiescence, the boundary line was not made de-

finite, and the deed was not operative, the burden was at least on the plaintiff to show that a surveyor did, in pursuance of the directions in the deed, make the survey, ascertaining where the ground suitable for a road was, and also ascertaining whether the land thus inclosed contained more than 10 acres, and, if so, ascertaining the northern line to which said 10 acres would extend. This last requisite is important, because, if the line as thus run inclosed more than 10 aches, then that portion of the land taken off to reduce the land conveyed by Ware to 10 acres would be in the apex of the triangle, and it may be that there were still 2 acres, answering to the exception in the deed from Armstrong to McDaniel; but, if the line as run contained exactly 10 acres, then the "two acres off of the north end of the subdivision of ten acres" excepted in said deed would be in the apex, and not in the position described in the complaint.

There is no proof that any survey was made, at the instance of Ware and Armstrong, to establish the boundary line of the land; but one Ray is introduced, who testifies that after Armstrang had conveyed to McDaniel, and while McDaniel was on a trade with Banfill, he made a survey of the land at the instance of McDaniel (Armstrong not being present), and his testimony and diagram, which was made years after the survey, tend to show that there were more than 10 acres in the land laid off. But his diagram shows that there was a parallelogram of 50 acres in Banfill's land, and east of it a triangular piece of 3 acres, conveyed to Ledbetter, and north of this about 2 acres, between the northern line of said 8 acres and the land in the apex reserved by Ware, which might answer to the 2 acres excepted. His testimony is not clear; he frequently saying, "from here to there," etc., without designating on the map just what points are indicated.

[Hayes v. Martin, et al.]

On the part of the defendant, W. E. Martin, the husband of defendant, testified to possession by his wife since 1898 and valuable improvements made; also that a line drawn from the northwest corner of the 40 to the south boundary, so as to include exactly 10 acres, would be on land suitable for a road, but that a line to the east of that would not be on land suitable for a road. Hayes, the plaintiff, testified that when he first bought the land in suit, without ever having seen it, on information from Martin he paid taxes for several years on two acres in the apex of the triangle, thinking that it was his land; but afterwards, on information from Ray, he changed his assessment to the land sued for. Carter, a civil engineer, witness on the part of the defendant, testified that he surveyed the land, and attaches two diagrams made by him; one following the lands suitable for a road (which leaves exactly 10 acres in the triangle), and the other, running straight, crossing ravine three time, and being on land not suitable for a road, which would include about 13 acres. A showing, admitted in evidence, was to the effect that two absent witnesses would testify that "they were present when a survey was made by Jas. A. Ray of the 10-acre tract sold by Jas. M. Ware to J. C. Armstrong," and assisted in the survey; that the hypothenuse of the triangle was run west of the ravine, on land suitable for a road.

It is apparent from the evidence that inferences might be drawn to the effect that by running the line according to the directions of the deed the triangle would contain only the 10 acres, and, if so, the 2 acres reserved would be in the apex, and not in the shape described in the complaint. Giving to the decision of the court the force and effect of a verdict of a jury, we cannot say that the court erred.

The judgment of the court is affirmed.

HARALSON, ANDERSON, and DENSON, JJ., concur.