# Morrow *v.* Norvell-Shapleigh Hdw. Co.

## *Detinue.*

(Decided Feb 8, 1910. 51 South. 766.)

1. *Detinue; Nature of Remedy.*—Detinue is a personal action for the recovery of chattels in specie wrongfully detained.

2. *Judgment; Default Judgment; Process to Sustain.*—The usual course for the service of process in personal actions—notice of the action commenced—must be pursued in detinue in order to obtain jurisdiction to proceed to a valid judgment by default, unless the defendant waives the same.

3. *Same; Execution of Writ.*—The execution of a writ of detinue by taking possession of the personal property therein described is not sufficient to show that personal service or its equivalent was had on the defendant so as to support a default judgment.

4. *Same.*—The return of the sheriff on the writ stated and examined and held to show a sufficient compliance with section 5301, Code 1907, to authorize and sustain a default judgment against the defendant named therein.

5. *Detinue; Forthcoming Bond; Operation and Effect.*—Unless a forthcoming bond in an action of detinue recites with certainty to every intent the fact that the defendant had possession of the property, it will not operate as an estoppel in respect of a denial of possession against the defendant, nor in the absence of such recital will such a bond create an estoppel in pais.

6. *Appearance; What Constitutes.*—An unqualified appearance in an action of detinue is not made by defendant by the execution by him of an ordinary forthcoming bond.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Detinue by the Norvell-Shapleigh Hardware Company against B. W. Morrow. From a default judgment, defendant appeals. Affirmed.

CLAUD RILEY and JOHN H. WILKERSON, for appellant. —Counsel insist that it does not appear from the return that service of process was had on the defendant, but appears otherwise, and hence, the court was without jurisdiction to render a default judgment.—*Fowler v. Banks,* 21 Ala. 679; *Neighbors v. Neighbors,* 2 Port. 162; *Peebles v. Weir,* 60 Ala. 413; *Wilmerding v. Corbin Banking Co.,* 126 Ala. 268; 23 Cyc. 741; 14 Cyc. 264; *Garner v. Gantt,* 7 Port. 452.

J. F. SANDERS, for appellee. The courts will presume that officers have done their duty.—*Thoirs v. Thompson,* 82 Ala. 296; *Ex parte Howard Harrison,* 119 Ala. 484; *Collins v. Spivey,* 127 Ala. 109. The return was sufficient to uphold the judgment of the court.—*Veasy v. Brigman,* 92 Ala. 548; *Briggs v. McClure,* Minor, 123; *Lenoir v. Broadhead,* 50 Ala. 58; *Wheat v. State,* Minor, 199; *Mayfield v. Allen,* Minor, 274; *Paul v. Malone,* 87 Ala. 544; *McAbee v. Parker,* 78 Ala.

McCLELLAN, J.—Action of detinue; judgment by default; defendant appeals, complaining that the judgment is erroneous because there was no service of summons upon him and no appearance by or for him.

Detinue is a personal action, the gist of which is the wrongful detention of personal property.—14 Cyc. 241, and notes. In order to obtain jurisdiction to proceed to a valid judgment in such cases, the orderly and usual course for the service of process—notice of the action commenced—in personal actions, must be pursued, unless the defendant waives the right. This he

may do, of course, by an unqualified appearance, or in other legally sanctioned ways. The execution of the writ of detinue by taking possession of the property described therein is not sufficient to show that personal service, or its equivalent, on the defendant, was had, so as to support a judgment by default.—*Fowler v. Banks,* 21 Ala. 679. Nor does the execution by the defendant of the ordinary forthcoming bond constitute an unqualified appearance in the action.—*Nabors v. Nabors,* 2 Port. 162. Such a bond, unless it, with certainty to every intent, as is requisite to erect an estoppel by deed, recites the fact of possession of the property by the defendant, will not operate as an estoppel, in respect of a denial of possession, against the defendant; nor, in the nature of the case, and in the absence of the recital just before indicated, will such a bond create an estoppel in pais.—*Miller v. Hampton,* 37 Ala. 342, to be read in connection with *Wallis v. Long,* 16 Ala. 378.

The return of the sheriff, indorsed on the summons reading to V. M. Morrow, was in this form and phraseology: "Return of summons and complaint and execution of writ of seizure: I have executed this writ this 18 day of January, 1907, by leaving a copy of within summons and complaint with * * * 200 bushels corn (then describing certain other chattels) * * * V. M. Morrow, Defendant. (Signed) J. B. Knight, Sheriff."

Code, § 5301, reads: "The summons must be executed by the sheriff or other officer in any county, by leaving a copy of the summons and complaint with the defendant, which fact he must return with the process."

It is settled here that service of the summons without the complaint, will suffice if no objection is made in the court below.—*Lenoir v. Broadhead,* 50 Ala. 58. Aside from this, a return must show that the summons

was executed as the statute prescribes. While this is true, the disposition of this court, and of many others of dernier resort, has always been to indulge in no nice criticisms with respect to the words employed to express compliance with the prerequisites to an effectual service of this character of process.—32 Cyc. 498 et seq. It is unnecessary to attempt to enumerate the cases decided elsewhere. They are noted under the text cited. As to our own decisions on the subject, some will be referred to.

In *Snelgrove v. Bank,* 5 Ala. 295, the notice read to Alfred Snelgrove and Aaron Livingston, and the return recited service on Snelgrove. The court said: "The conclusion of law, in the absence of a plea denying the fact, is that he is the individual of that name, who is intended by the notice."

*Veasey v. Brigman,* 93 Ala. 548, 9 South. 728, 13 L. R. A. 541, was very similar to *Snelgrove v. Bank.* The return was held sufficient though it showed service on "Jack Veasey, defendant," whereas the process directed service upon "A. J. Vesey." The word "defendant" was, of course, a descriptive part of the return, but the return would have been upheld in that case had this been omitted.

In *Cantley v. Moody,* 7 Port. 443, the suit was against three defendants, and the return of the process was "executed." The court said: "Upon looking into the record, we find the writ is returned, 'Executed,' by the sheriff, and must intend that it was executed on all the defendants below * * *."

In *Colley v. Spivey,* 127 Ala. 109, 28 South. 574, the return, indorsed on the summons and signed by the sheriff, was: "Executed by serving a copy on the within-named defendant, *except as stated below*" (italics supplied), and there was nothing appearing below. The re-

turn was held sufficient, and the excepting expression was pronounced surplusage.

In *Bartlett v. Winkler,* 15 Tex. 515, the return was: "Executed, Feb. 1st, 1854, by certified of this writ and copy of petition." It was ruled, on error from a judgment by default, Lipscomb, J., writing, that the return was sufficient.

None of our pronouncements, nor those of other jurisdictions, are in immediate point here, but, notwithstanding, they are persuasive when we come to determine whether a return denotes compliance with the statutory requirements. This return is, of course, bunglingly expressed, but viewing it with the consideration with which this court has all along approached the construction of such official acts (*McAbee v. Parker,* 78 Ala. 575), we think it must be read as if the name of the defendant had been inserted after the word "with."

If the description of the chattels is omitted, the name of the defendant would follow in consecutive order, though with space intervening, the statutory phrase, "by leaving a copy of the within summons and complaint with." The description of the chattels has no grammatical connection with the preceding phrase, nor with the name of the defendant succeeding it. If the description of the chattels, alien so far as the grammatical connection is concerned, is omitted, the only possible criticism of the return, as presently pertinent, would be that the defendant's name was not juxtaposed to the statutory phrase preceding it." In *Colley v. Spivey,* the excepting phrase was pronounced surplusage. May not the incongruously interpolated description of the chattels in this return be, for the purpose of construction, merely transposed? We think so; and that, without doing any violence to the language of the text. When so read, the return is sufficient to have brought the de-

fendant under the jurisdiction of the court; and to have authorized its judgment by default.

Affirmed.

ANDERSON, MAYFIELD, and SAYRE, JJ., concur.