12 So.2d 365

**CALVERT v. J. M. STEVERSON & SONS LUMBER CO.**

6 Div. 52.

Supreme Court of Alabama.

Feb. 11, 1943.

Rehearing Denied March 25, 1943.

J. T. Johnson, of Oneonta, for appellee.

R. G. Kelton, of Oneonta, for appellant.

LAWSON, Justice.

Appellant brought this suit against appellee for the recovery of damages for the cutting of certain timber by the appellee on lands claimed by the appellant.

There were four counts in the complaint, the first three of which sought recovery of the statutory penalty for the cutting of trees, the fourth being in trespass. Demurrer was sustained as to count one and overruled as to the other three counts. The defendant pleaded in short by consent in the usual form.

This appeal is taken as authorized by Section 819, Title 7, Code of 1940, plain-

208

tiff having moved for a nonsuit with bill of exceptions, on account of adverse rulings by the court in the admission of testimony. Brown v. Shelby County, 204 Ala. 252, 85 So. 416.

■ The submission was on motion and merits. The motion was by appellee to strike from the bill of exceptions and from the record two certain deeds set out therein on several grounds not necessary to enumerate. Suffice it to say that from aught appearing in this record the deeds were offered in evidence and were incorporated in the bill of exceptions before it was signed. The motion is denied.

■■ In brief of counsel for appellant the insistence is made that the court erred in sustaining demurrer to count one of the complaint. Appellant did not assign as error the trial court's action in sustaining the demurrer, so such action will not be considered by this court. Allen v. Birmingham So. R. Co., 210 Ala. 41, 97 So. 93. However, if there had been error assigned in this connection it would be unavailing to appellant, in view of the fact that it appears from the record that the ruling of the court on the demurrer did not superinduce the nonsuit. Engle v. Patterson et al., 167 Ala. 117, 52 So. 397.

The land upon which the trees were alleged to have been cut is described in the complaint as follows: "The East half of the East half of the Northeast quarter, (E ½ of E ½ of NE ¼) of Section Thirty-four (34), Township Thirteen, (13) Range Two (2) West, in Blount County, Alabama."

The plaintiff testified that he was the owner and in possession of the land described in the complaint and had been "on it all his life."

The plaintiff sought to introduce in evidence a deed executed on the 12th day of November, 1928, wherein several joint owners purported to convey to plaintiff their ⅝ undivided interest in the following described real estate: "The SW ¼ of the NW ¼ and all that part of NW ¼ of SW ¼ lying North of the public road, *and the E ½ of the E ½ of NE ¼ of Sec 34* and also 20 acres more or less in the SW ¼ of the NW ¼ of Sec 35 being all of that part of SW ¼ of NW ¼ of Sec 35 lying on the NW side of the Warrior River Surface only in the SW ¼ of NW ¼ and that part above described in the NW ¼ of SW ¼ of Sec 34. The above conveys 131 acres

more or less situated in Blount County Alabama."

■ Defendant's objection to the introduction of the deed was sustained but the record does not show that the plaintiff reserved an exception. Consequently this ruling of the court cannot be here considered. United Order of the Golden Cross v. Hooser, 160 Ala. 334, 49 So. 354.

Thereafter, the plaintiff, for the purpose of proving title, sought to introduce in evidence a deed executed by J. T. Johnson, as Commissioner, on February 21, 1928, wherein certain other joint owners of the same lands sought to convey their interest therein to the plaintiff. The description of the lands included in the latter deed was identical with the description heretofore set out. The defendant objected to the introduction in evidence of the deed, which objection was sustained. The plaintiff reserved an exception. The defendant did not object on the ground that the execution of the deed had not been proven, but on the following grounds:

"Because it doesn't describe the land in suit. It only describes the southwest fourth of the northwest fourth and all that part of the northwest fourth of the southwest fourth lying north of the public road, *and the east half of the east half of the northeast fourth of Section 34,* and also 20 acres, more or less, in the southwest fourth of the nothwest fourth of Section 35. *The east half of the east half of northeast fourth of Section 34,* without giving the township and range."

The plaintiff offered to prove by witnesses that the plaintiff had been in possession of the land described in the complaint for a period of more than ten years prior to the date of the filing of the suit. Defendant objected and plaintiff reserved an exception to the ruling of the court sustaining defendant's objection.

It was these rulings of the court which superinduced the nonsuit.

The question is, was the description in the deed so uncertain, vague or ambiguous as to justify the court's action in excluding it from evidence and in refusing to permit the plaintiff to identify the subject matter of the sale by extraneous evidence? We do not think so.

■ The description of the land here involved contained in the deed is certainly indefinite and incomplete, and standing alone is insufficient to pass title to the

plaintiff. We judicially know that there are several "Sections 34" in Blount County and the description contained in the deed could apply to any of them.

However, under the decisions of this court, the deed should have been admitted in evidence and the plaintiff should have been permitted by parol testimony to show the surrounding or attendant circumstances under which the contract was made, and to identify the subject matter to which the parties referred. The court's action in this regard constitutes reversible error.

In Chambers v. Ringstaff, 69 Ala. 140, a description of lands in a mortgage, void on its face for ambiguity, was allowed to be. aided by oral evidence showing that the grantor owned and resided on certain lands in this state, which were known and described by the same numbers as those employed in the mortgage. The ambiguity there arose from the fact that the description employed in the instrument was, on the face of it, equally applicable to many tracts of land located in various government surveys. The conclusion was reached upon the principle that parol evidence was admissible to show the surrounding or attendant circumstances under which the contract was made, and to identify the subject matter to which the parties referred.

The rule is stated in Meyer Bros. v. Mitchell, 75 Ala. 475, as follows:

"There can be little or no doubt of the fact, that the description of the land agreed to be conveyed, as set out in the written agreement signed by the defendants, Lovett and Rainey, is void for uncertainty, standing alone and unaided by other and extraneous evidence identifying the subject-matter of the sale. This description is simply 'sixty acres of land, viz., fifty acres Comida and Cone Bottom, also, ten acres hill-side woodland (ad) joining the Mitchell tract.'

" * * * Whether an ambiguity of this nature can be removed by oral evidence of surrounding facts, showing the situation and circumstances of the contracting parties, and serving to identify the subject-matter of sale, is a question in regard to which the authorities are greatly conflicting. * * * The general rule, everywhere recognized, is, that mere verbal declarations as to what was intended, are not admissible in explanation of the terms of the writing itself. A just exception to this rule, however, is found in parol evidence going to the identification of the subject-matter, a principle which seems to have been much favored by the past decisions of this court."

In Caston et al. v. McCord, 130 Ala. 318, 30 So. 431, the description was: "One and a third (1⅓) acres of land lying south of W. T. McCord's lot in Albertville, Ala., in Sec. 15, T. 9, R. 4 east." The court said: "Standing alone this description fails to distinguish any particular land from other lands in the same locality, it gives no sufficient data wherefrom it could be located by a survey, and refers to no particular appellation, fact, or circumstance, which could serve for its identification. According to many authorities, such a defect would be classed as a patent ambiguity, fatal to the conveyance. In this state it has been settled by decisions so numerous as to establish a rule of property that mere indefiniteness in description, though it be such as to render a deed prima facie inoperative, does not necessarily have that effect; that evidence of extrinsic facts relative to the situation of the parties and the circumstances attending the conveyance, may be looked to for the purpose of identifying its subject-matter, and that it is only upon the failure of evidence to give certainty to the description that the instrument will be declared void."

Mr. Justice Bouldin, writing for the court in the case of Karter v. East, 220 Ala. 511, 125 So. 655, 657, discusses this question at length. It is there said:

"In the oft-cited case of Chambers v. Ringstaff, 69 Ala. 140, the description was by government numbers, without naming the land district, the meridian used as the base of survey, nor the county nor state in which the lands were located. The description was challenged as presenting a patent ambiguity, in that it was equally applicable to more than one tract of land without other data of identification.

"The opinion defined patent and latent ambiguities, and recognized a class partaking of the nature of both. It was pointed out that only one township and range in Alabama met the description, and evidence was admitted to prove the grantor owned such lands. In the absence of proof that he owned lands similarly described in

some other state, the conveyance was sustained.

"In later cases involving similar descriptions, the fact that only one tract in Alabama met the description has not been treated as of controlling importance; and it is now settled that a description by government numbers, giving subdivision, section, and range, but omitting state, county, and land district, may be aided by proof that the grantor owned lands answering to such description in a particular locality. Such deeds are sustained upon further proof that he owned no other lands answering to such description, or in the absence of proof that he did own such other lands. Webb v. Elyton Land Co., 105 Ala. 471, 18 So. 178; DeJarnette v. McDaniel, 93 Ala. 215, 9 So. 570; Head v. Sanders, 189 Ala. 443, 66 So. 621.

\*      \*      \*      \*      \*

"Most clearly and emphatically has it been repeatedly announced that the courts are reluctant to declare written instruments void for uncertainty of description. To this end a liberal application of the maxim, 'That is certain which may be made certain,' has been approved.

"A study of the several matters of description above quoted from the cases discloses that uncertainty of description, *such that on the face of the instrument it may apply to more than one parcel of land,* does not render the instrument void, if the property may be properly identified by attendant facts, such as the ownership and possession by the grantor of only one parcel answering the description, or by the act of the parties in selecting and placing the vendee in possession of the parcel intended. Certainly no fraud can arise from holding the grantor to land he does own rather than that he does not own." (Emphasis supplied.)

In view of the rule laid down in the cases above referred to and the cases therein cited, we are of the opinion that the trial court erred in sustaining the objection to the introduction in evidence of the deed and to the extrinsic evidence offered to identify the subject matter of the deeds and to connect the plaintiff therewith. Hayes v. Martin, 144 Ala. 532, 40 So. 204.

Reversed and remanded.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.