148 So.2d 620

**Z. H. CORNELIUS**

v.

**W. C. COPELAND et al.**

**8 Div. 84.**

Supreme Court of Alabama.

Jan. 10, 1963.

■■■■■■■■■

T. J. Carnes, Albertville, for appellant.

Starnes & Starnes, Guntersville, and Nash & NeSmith, Oneonta, for appellees.

LAWSON, Justice.

This is a suit by Z. H. Cornelius against W. C. and Bobby Copeland. The plaintiff stated his case against the defendants in two counts. The first count is in detinue, seeking the recovery of particularly described items of gasoline filling station equipment and machinery, while the second count is in trover. The defendants filed pleas of the general issue.

The plaintiff based his title and right of recovery on a mortgage executed to him by one Edward Bellenger, who was deceased at the time of the trial.

Plaintiff rested after making out a prima facie case for recovery under the detinue count by the introduction of his mortgage. A mortgagee, whether of personalty or of real property, when the legal interest has been transferred to him, stands in a court of law in the same situation as if he were the absolute purchaser. The legal title to personal property and the right to immediate possession thereof are sufficient to support the action in detinue. Mervine v. White, 50 Ala. 388. See Pinckard & Lay v. Bramlett, 165 Ala. 327, 51 So. 557. The law day of the mortgage had long since passed.

The defendants offered evidence to the effect that they also held a mortgage on the suit property executed by the said Edward Bellenger. The defendants' mortgage, while executed after the plaintiff's mortgage, was recorded prior to that of the plaintiff. According to the testimony offered by the defendants, they had no knowledge of the plaintiff's mortgage until several months after their mortgage was executed.

After the defendants rested, the plaintiff offered in evidence a deposition of the mortgagor, Bellenger, taken after the commencement of the action, which shows that the defendants did have actual knowledge of the plaintiff's mortgage at the time their mortgage was executed. Counsel for defendants was present at the taking of the deposition. The defendants' objection to the introduction of the deposition was sustained, whereupon the plaintiff moved for a nonsuit with leave to appeal. A judgment of nonsuit was thereafter entered and after it was amended, the plaintiff appealed to this court as authorized by § 819, Title 7, Code 1940. Brown v. Shelby County, 204 Ala. 252, 85 So. 416; Calvert v. J. M. Steverson & Sons Lumber Co., 244 Ala. 206, 12 So.2d 365.

In sustaining the objection the trial court observed: "Without reading all the depo-

sition I would think a lot of it would not be in rebuttal because it would be very unusual if the whole thing is rebuttal." We construe the record as showing that counsel for the plaintiff then pointed out to the court that plaintiff had a right to offer the deposition subject to the right of the defendants to object to "particular testimony," which the defendants thought not to be admissible. However, the trial court again sustained the defendants' objection " * * * to the whole thing on the offer he made. Not proper rebuttal."

In support of the trial court's ruling the appellees, the defendants below, rely upon our holdings in Hiscox v. Hendree, 27 Ala. 216, and Crutcher v. Memphis & Charleston Ry. Co., 38 Ala. 579, which are to the effect that when an entire deposition is offered in evidence, the court is not bound to separate the legal from the illegal evidence which it contains but may exclude it altogether.

Although counsel for the plaintiff first offered the entire deposition in evidence, and in answer to a question from the court said he did so for the purpose of rebuttal, the record, as we have indicated, shows that plaintiff's counsel, in effect, thereafter sought to read the deposition subject to the right of the defendants to interpose objections for the court's consideration to those parts of the deposition thought to be inadmissible.

We think the plaintiff should have been permitted to so proceed. It was not incumbent upon the plaintiff in making out a prima facie case to offer evidence going to show that the defendants had knowledge of the plaintiff's mortgage at the time their mortgage was executed, or that they had a mortgage. But since the defendants did present evidence to that effect, the plaintiff was entitled to show the contrary on rebuttal and by way of the deposition of the mortgagor, Bellenger, who as shown above was dead at the time of trial. § 4(c), Act 375, approved September 8, 1955, Acts of Alabama 1955, Vol. II, p. 901. Of course,

all parts of the deposition were subject to objection for any reason which would require the exclusion of the evidence if Bellenger had been present and testifying. § 5, Act 375, supra.

We hold that the trial court erred in sustaining the objection of the defendants to the introduction of all parts of the deposition of Edward Bellenger solely because some of it might not have been proper rebuttal evidence. Counsel for plaintiff should have been permitted to read the parts of the deposition which he wanted to introduce subject to the objections of the defendants and their right to require the plaintiff to introduce all of the deposition relevant to the part introduced and the right of defendants to introduce any other parts. § 4(d), Act 375, supra.

The appellant, plaintiff below, has assigned as error rulings on the admission and rejection of evidence which preceded the ruling that we have discussed above. We see no occasion to treat those assignments of error on this appeal.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.