267 So.2d 467

CHRYSLER CREDIT CORPORATION

v.

James TREMER.

1 Div. 71.

Court of Civil Appeals of Alabama.

Oct. 4, 1972.

Mayer W. Perloff, Mobile, for appellant.

Gibbons, Stokes & Clark, Mobile, for appellee.

WRIGHT, Presiding Judge.

Suit in detinue was filed by Chrysler Credit Corporation against James Tremer to recover an automobile purchased by him on September 19, 1968, by a title retention contract. Chrysler Credit Corporation had purchased the contract from the seller on the date of the sale. Detinue bond was executed and the property remained in possession of Chrysler at the time of the trial.

Upon trial by jury, verdict and judgment was for the defendant. Motion for new trial was denied and Chrysler Credit Corporation, hereinafter called appellant, appeals.

Appellant's first assignment of error charges error in refusal of its request for the affirmative charge without hypothesis.

■■■■ To recover in an action of detinue, a plaintiff must show that at the commencement of the suit he had a general or special property in the chattel sued for, a right to immediate possession, and that defendant had possession. Hollingsworth v. Case, 267 Ala. 165, 100 So.2d 772; Richardson v. First National Bank of Columbus, Ga., 46 Ala.App. 366, 242 So.2d 676 (cert. denied, 286 Ala. 737, 242 So.2d 681); Brannon v. Cole, 40 Ala.App. 222, 110 So.2d 645. In this case there is no conflict in the evidence that legal title to the property sued for was in appellant. Appellee filed a plea of nondetinet which is a plea of the general issue in detinue. Such plea admits possession of the suit property by defendant at the commencement of suit and denies the title of plaintiff and his right to possession. Title 7, Section 934, Code of Alabama 1940. Webb v. Webb, 263 Ala. 607, 83 So.2d 325. Thus the question presented by Assignment 1, is there any conflict in the evidence as to the remaining issue—appellant's right to immediate possession at the commencement of the suit?

Appellant introduced the installment contract and the payment record of appellee. The contract required 36·monthly payments beginning October 27, 1968. The record of payments indicates that payments from the beginning were made a week or more after the due date. There were late charges on numerous payments. A payment due on July 27, 1969 was not paid and was extended upon payment of interest. Appellant's records indicate that the July payment was' never paid. The payment for October, 1970 was paid by check on November 25, 1970. That check subsequently was returned by the bank for lack of sufficient funds. Upon notice to appellee, an attempt by him was made in December, 1970 to pay this payment, however, it was refused by appellant because there was by then another payment due. A request was made of appellee for possession of the car on or about the 17th of December 1970. Appellant was informed that possession could be obtained only through court action. On December 30, 1970, suit was filed by appellant in detinue.

Appellee denied that the payments were in default. He offered testimony that he had made two payments on September 22, 1970 by two checks. The checks were not produced in evidence. He also contended that appellant had excused payments due under the contract for December 1970 and January 1971. This contention was attempted to be supported by introduction in evidence of a coupon payment book which had been mailed to him at his request by appellant after his original book was lost. He contended that because there appeared to be no coupon predated for payments in December and January that these payments were thus excused. Appellee attempted to get in evidence a telephone conversation with some unknown person who responded to his call to appellant's office and who

told him that he could be excused from the two payments due in December 1970 and January 1971. Testimony as to this conversation was properly excluded on motion of appellant. Thus the only evidence relating to excusal of such payments was appellee's contention that failure by appellant to furnish dated coupons for such months amounted to a change in the original contract and an excusal of such payments.

◼ We must say that as a matter of law, in the absence of some evidence of direct action by appellant other than that evidenced by the coupon book, assuming that there was in fact an omission of coupons in the book, such omission would not change appellee's obligations under the contract. Title 7A, Section 2–209, Uniform Commercial Code. The providing of such a payment book amounted only to a convenience to appellee and was not required under the contract. Had such book not been provided at all, there would have been no change in the contract. Since there was no evidence of excusal by appellant in evidence, the omission of coupons from the payment book would not amount to such excusal and alteration of the terms of the contract. Such evidence alone did not present a question of fact for the jury.

We must further examine the evidence to determine if it in any other manner supports appellee's denial of default. He denied that the payment due on December 26, 1970, was not in default because he made two payments in September 1970.

There is no denial by appellee of the accuracy of the records of appellant introduced in evidence pertaining to number and dates of payments made by him, except the entry of payment of September 22, 1970. The records show one payment. Appellee stated he made two on that date.

As of December 27, 1970, counting from the due date of the first installment on October 27, 1968, appellee in order to not be in default, would have to have made 26 payments, assuming that the payment of July 27, 1969 had been extended to the end of the contract. By appellee's testimony, including his statement of two payments in September 1970, he had only made 25 payments, and the check for the payment made on November 25, 1970 was returned for insufficient funds. He had attempted to cover that check with cash on or about December 26 and it was refused by appellant. On or about December 26, 1970, appellee mailed a money order to appellant to cover what he himself termed the November payment, but the case had already been placed in the hands of counsel and the contract declared in default. By appellee's own testimony, the November payment was made by money order mailed on December 26, after his check had not been honored. He was in default one month at that time. Another payment was due on December 27, 1970.

◼ At the commencement of the suit on December 30 there was thus another payment due and the contract was further in default. The extent of the default is immaterial to right to possession of appellant.

◼ After default has occurred, a conditional vendor with a legal title is entitled to immediate possession of the chattel. Cornelius v. Copeland, 274 Ala. 337, 148 So.2d 620; Harmon v. Dothan National Bank, 186 Ala. 360, 64 So. 621. It was said in Ballard v. First National Bank of B'ham, 261 Ala. 594, 75 So.2d 484, when ". . . the defendant's own testimony fully establishes without conflict the plaintiff's case," the court acts correctly when it gives the general affirmative charge without hypothesis. Harris v. State ex rel. Wilson, 215 Ala. 56, 109 So. 291.

In this case, appellee by his plea of the general issue admitted his possession of the property at the commencement of suit. He admitted his signature to the title retention contract. By his own testimony he admitted he paid the installment due in November 1970 by mailed money order on December 26 of 1970 after he had been informed of default and requested to deliver posses-

sion of the property. A payment became due on December 27 and was in default at commencement of suit on December 30.

■ Accepting all evidence favorable to defendant as true and according him all legitimate inferences to be drawn therefrom, the evidence is without conflict on the issues raised by defendant's plea of non-detinet. Thus there was no issue of fact for the jury to consider and plaintiff was entitled to the general affirmative charge. Chichester v. First National Bank of B'ham, 242 Ala. 227, 5 So.2d 772; Sims v. Herzfeld, 95 Ala. 145, 10 So. 227; White v. State ex rel. Fowler, 262 Ala. 694, 81 So.2d 267; Ballard v. First Nat'l Bank of B'ham, supra.

■ Appellant's assignment of error 3 is addressed to rulings of the court upon objections of defendant to questions posed by appellant upon cross examination. There was more than one ruling of the court which appellant has lumped together in one assignment. Such method of assignment of error is too general to be considered on appeal. Rule 1, Supreme Court Rules.

■ Assignment of error 4 complains of the sustaining of objection and a motion to exclude testimony of appellant's witness as to a telephone conversation had with appellee. It was testified by appellant's employee that he called the home of appellee on December 10, 1970, and asked to speak to appellee. The person answering the phone identified himself as James Tremer. Objection to this testimony and motion to exclude on the ground of hearsay was sustained. Such ruling was error. It is well settled that when a witness has called the telephone number of a specific person and the person answering says that he is the person called for, the identity of the person answering is sufficiently authenticated. Western Union Tel. Co. v. Rowell, 153 Ala. 295, 45 So. 73; Ala. Power Co. v. Jones, 212 Ala. 206, 101 So. 898.

Assignment of error 5 is addressed to the sustaining of a general objection to a question posed by counsel to appellant's employee concerning the condition of the automobile when it was turned over to him by the sheriff. During discussion of the objection it was stated by counsel that the purpose of the question was preliminary to establishing alternate value.

■ The court erred in not allowing such proof. The provisions of Title 7, Section 921 of the Code require that judgment for either plaintiff or defendant must include the property sued for, or its alternate value, with damages for detention. Cases construing this statute have held its language to be mandatory. Balls v. Crump, 256 Ala. 512, 56 So.2d 108; First National Bank of Opelika v. La Fayette Farm Machinery Co., 269 Ala. 231, 112 So.2d 478. The burden is upon plaintiff to prove alternate value if recovery is to be had. Cable Piano Co. v. Estes, 206 Ala. 95, 89 So. 372. If he fails to prove the alternate value, the defendant is entitled to the general affirmative charge. Mackey v. Hall Auto Co., 27 Ala.App. 557, 176 So. 318. However, it has been held that failure of the judgment to assess alternate value is not reversible error when the property is in the possession of the successful party. First Nat. Bank of Opelika v. La Fayette Farm Machinery Co., supra.

■ Since the burden of proving alternate value was upon appellant in pursuit of his right to recover, it was reversible error not to allow legal evidence to be presented in conforming to the burden of proof. The condition of the vehicle at the time it was taken into possession of the sheriff was admissible as a first step toward such proof. The verdict of the jury and the judgment entered thereon in this case was for the defendant and did not assess alternate value nor damages for detention. Appellant's assignments of error 6 and 7 present such judgment as erroneous. We must agree.

■ As stated hereinabove, judgment against either party must include the prop-

erty sued for or its alternate value, and if the property is in possession of plaintiff, verdict and judgment for defendant must include damages for detention. Title 7, Section 921 of the Code. An exception to the statute has been declared to be "that it is not error to fail to assess the value . . . if the property is in the possession of the successful party." First Nat'l Bank of Opelika v. La Fayette Farm & Machinery Co., supra; Gwin v. Emerald Co., 201 Ala. 384, 78 So. 758. In this case, appellant had secured possession of the property and made bond therefor. The evidence indicated the property had been sold. Judgment for the defendant requires restoration of the property to the defendant, or payment by the obligor on the bond of the alternate value, together with damages for detention. Title 7, Secs. 922 and 923. The measure of liability under the obligations of the bond is the alternate value, damages for detention and costs. We do not need to decide here whether failure of the verdict and judgment to assess alternate value and damage for detention places any liability on the obligors of the bond in the event of failure of restoration. We think the Supreme Court in the case of Robert P. Stapp Machinery Co. v. Russell, 277 Ala. 84, 167 So.2d 167, gave the answer to the charge of an erroneous judgment in this case when it said:

> "(1) The general rule is that a judgment in detinue, which does not assess the alternate value of the property the subject of the suit, as required by Sec. 921, Tit. 7, Code of Alabama 1940, is defective, unless the property is in the possession of the successful party. First National Bank of Opelika v. La Fayette Farm Machinery Co., 269 Ala. 231, 112 So.2d 478, and cases cited therein.

> "Further, the verdict was defective in not finding for the defendant 'for the tractor.'

> "Here, of course, the tractor was in the possession of the unsuccessful party. No valid judgment could have been rendered on the verdict as originally re-

turned because of the above mentioned defects."

The verdict here was defective and was the judgment rendered thereon.

For error the judgment below is reversed and the cause remanded.

Reversed and remanded.

BRADLEY and HOLMES, JJ., concur.