PER CURIAM.
The summary of the pleadings and proceedings in this detinue case shall be simplified as much as is possible and still adequately present the decisive issues.
Mr. Blackwell (plaintiff) sued Mr. Ray (defendant) for the possession of a tractor-trailer rig and its accessories. Among other defenses, the defendant denied that he possessed the property.
A prior evidentiary hearing in this case concerned detinue for the rig between the plaintiff and a third party, and a summary judgment was rendered in favor of the third party for the rig, with that judgment being made final pursuant to Rule 54(b) of the Alabama Rules of Civil Procedure. No appeal was taken from that final judgment.
The present aspect of the case was submitted to a different trial judge upon the pleadings, exhibits, a transcript in the third-party proceeding, and stipulations *45 concerning alternate value. The learned trial court then rendered a judgment that the plaintiff recover the possession of the rig or its alternate value of $10,000. The defendant timely appealed.
The legal issue is whether it was incumbent upon the plaintiff to prove that this defendant was in possession of the rig at the time of the filing of this suit.
A number of Alabama cases hold that, in order for the plaintiff to be successful in a detinue action, the plaintiff must prove, as of the time that he filed his case, that he had a general or special property right in the chattel sued for, that he had a right to its immediate possession, and that the defendant had possession of the property. For examples, see Galleon Industries, Inc. v. Lewyn Machinery Co., 50 Ala.App. 334, 279 So.2d 137, cert. denied, 291 Ala. 779, 279 So.2d 142 (1973); and Chrysler Credit Corporation v. Tremer, 48 Ala.App. 675, 267 So.2d 467 (1972).
On the other hand, other Alabama cases state that the legal title to personal property and the right to its immediate possession are sufficient to support an action of deti-nue. For example, see Cornelius v. Copeland, 274 Ala. 337, 148 So.2d 620 (1963).
One probable reason for any apparent conflict in those two lines of cases was occasioned by a prior code section as to the effect of a plea of the general issue in a detinue case. It was provided in Title 7, Section 934, of the Codes of 1940 and 1958 that, where a defendant filed a plea of the general issue, such plea admitted the possession of the suit property by the defendant at the commencement of the suit. Chrysler Credit Corporation, supra. That code section is not included in the 1975 Code of Alabama.
In Cornelius, supra, the defendants had filed pleas of the general issue; hence it was admitted by the defendants under the then applicable statutory pleading rule that they possessed the property in issue at the time the plaintiff instituted his case. Accordingly, it was not necessary in Cornelius to state that possession by the defendants was one of the essential elemente for the plaintiff to prove in order to support his detinue action.
Since the very gist of detinue is the wrongful detention by the defendant of the plaintiffs personal property, Morrow v. Norvell Shapleigh Hardware Company, 165 Ala. 331, 51 So. 766 (1910), a recovery cannot be had in a detinue action without proof, or legal substitute therefor, that the defendant possessed the chattel when the plaintiff filed his suit. Here, the burden of proof was upon the plaintiff to prove that the defendant was in possession of the rig at the time that the plaintiff commenced this detinue action. Galleon Industries, supra; Chrysler Credit Corporation, supra.
The factual issue is whether the plaintiff adequately proved such possession by the defendant.
The trial court that rendered the final judgment herein did not hear any of the evidence ore tenus. Consequently, there is no presumption on appeal in favor of its factual findings and holding, and we must sit in judgment on the evidence as to this issue. Perdue v. Roberts, 294 Ala. 194, 314 So.2d 280 (1975).
The prior testimony of both the plaintiff and the third party were each rather conclusive that, at the time that this civil action was filed, the third party was in actual possession of the rig. There was no proof that the third party was the agent of the defendant in possessing the property.
The plaintiff argues, however, through his able counsel that the defendant purchased tegs for the vehicle through May 1981 and that the defendant signed the teg receipts. On the other hand, the defendant testified that he had not possessed the rig, driven it, or had anything to do with it since November 1978. This detinue action was not filed until May 1981. For several years, the defendant purchased tegs for the tractor at the request of the third party and in the third party’s name as an accommodation to the third party. However, the last teg that he purchased for the tractor, which was in May 1981, was a new teg that Alabama began issuing that he called a portion teg. That portion teg could not be *46 released in the third party’s name because the third party was not registered in Alabama; consequently, the defendant had it issued in his name.
We are not reasonably satisfied from the evidence that the defendant was in possession of the rig at the time that the plaintiff filed this civil action. To the contrary, it is clear that the third party exclusively possessed it at that time. Therefore, we are required to reverse the final judgment in this cause which was entered on July 23, 1987. A judgment is hereby rendered in favor of the defendant. Bassett v. Powell, 178 Ala. 340, 60 So. 88 (1912); § 12-22-70, Code 1975.
REVERSED AND RENDERED.
All the Judges concur.