242 So.2d 676

**Billy R. RICHARDSON and Peggy Joyce Craven Richardson**

v.

**The FIRST NATIONAL BANK OF COLUMBUS, GEORGIA, a Corporation.**

**5 Div. 15.**

Court of Civil Appeals of Alabama.

Aug. 26, 1970.

Rehearing Denied Sept. 16, 1970.

·Paul J. Hooton, Roanoke, for appellants.

WRIGHT, Judge.

A statutory detinue action was brought by appellee, The First National Bank of Columbus, Georgia, against appellants Billy R. Richardson and wife, Peggy Joyce Craven Richardson, in the Circuit Court of Randolph County, Alabama, on the 4th of October 1967.

Affidavit and bond was filed by appellee as required by Title 7, Section 918, Code of Alabama 1940. The property sued for was a house trailer. Under the endorsement of the clerk on the summons, the sheriff seized the trailer. When appellants failed to make bond to retain possession, appellees executed a replevin bond in the amount of $6,000 and were given possession of the trailer.

Appellant, Peggy Richardson, was served with the summons and complaint on October 10, 1967, but appellant, Billy R. Richardson, was not served until March 11, 1968. The replevin bond was filed and possession given to appellee on the 16th of October, 1967.

On March 18, 1968 and March 23, 1968, respectively, sworn pleas were filed by Billy and Peggy Richardson. These pleas as-

Lewis H. Hamner, Jr., Roanoke, for appellee.

serted the fact that Billy Richardson was a member of the armed services and thus both defendants were under the protection of the Soldiers and Sailors Civil Relief Act. The pleas demanded an abatement of the suit. The pleas were never requested to be set for hearing, nor any order of stay requested of the court.

The court's bench notes as to the proceedings in the case were as follows:

"BENCH NOTES

"1/19/68—Continued not at issue. To be disposed of by the next term of this court.

/s/ Albert Hooton, Judge

"7/22/68—Continued, defendant in military service.

/s/ Albert Hooton, Judge

"1/21/69—Continued, defendant still in military service.

/s/ Dan Boyd, Judge

"7/14/69—The court noted from the file that this case has been on the docket since 10/4/67. Defendant, Billy R. Richardson, is now in the military service of the U. S. and has been since March 27, 1967. Mr. Richardson's attorney, Hon. Paul J. Hooton, advised the Court that the defendant, Mr. Richardson, would be out of the service in about three (3) months. Case continued.

/s/ L. J. Tyner, Judge

"1/20/70—Defendants file written plea of general issue in short by consent with leave, etc.

/s/ Dan Boyd, Judge

"1/20/70—Set for trial Wednesday 2/11/70.

/s/ Dan Boyd, Judge

"2/11/70—In open court trial and upon consideration of the evidence and testimony, judgment for the plaintiff against the defendants for the property sued for to-wit: one 1966 Fleetwood 52 x 12 trailer, Serial Number S–5771 and costs.

/s/ Dan Boyd, Judge"

---

The bench notes disclose that the trial was continued four times, covering a period of one and one-half years, because of appellant's absence in military service. Issue was not joined by appellants for more than two years. Upon the case becoming at issue on the filing of a plea in short by consent, the case was continued for another two months for trial.

It thus appears that appellants did not prosecute what they termed a plea in abatement, but joined issue on the complaint.

It is apparently appellants' contention in brief that by filing the plea in short by consent, that they were entitled to offer evidence in support of their plea in abatement and treat it as a defense in bar.

In the beginning of this opinion we will state that appellants aver in brief that "There are 19 assignments of error in this cause," and then proceed to argue them in bulk without specifying them individually or collectively. Such procedure in a brief is clearly subject to the rule that if one is without merit the others will not be considered. Supreme Court Rule 1, Thornton v. Tutt, 283 Ala. 72, 214 So.2d 425. However, we do not choose to invoke this rule since most of the errors assigned re-

late to the application of the Federal Civil Relief Act of 1940, as amended, or what is commonly called the Soldiers and Sailors Civil Relief Act, 54 Stat. 1178, 50 U.S.C. App. Sections 501–590. We consider the majority of assignments sufficiently related to support bulk argument. In addition, there is a dearth of cases in this jurisdiction which have in any way considered the Soldiers and Sailors Civil Relief Act, and this case raises questions thereon which should be clarified.

 It is the apparent impression of counsel for appellants that it is the purpose of the act to bar or abate any action brought by a plaintiff against a defendant who is a member of the armed services. This impression is entirely wrong. 50 U.S.C.A. App. Section 521, reads as follows:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act (sections 501–548 and 560–590 of this Appendix), unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

The purpose of the Civil Relief Act of 1940 is stated in 50 U.S.C.A. App. Sec. 510. That purpose has been interpreted in numerous cases and in various ways, but we think most clearly in the case of Bowsman v. Peterson, D.C.Neb.1942, 45 F.Supp. 741, from which we quote:

"The Soldiers and Sailors Civil Relief Act of 1940 (in like manner with all similar previous acts in our history) was prompted by at least wo considerations, first, the maintenance in the armed forces of a reasonable measure of that unbothered serenity and security in respect of personal responsibilities which effectively promotes military efficiency and the national defense; and secondly, the assurance that in the field of individual justice no advantage in judicial proceedings by or against a soldier or sailor will result from his absorption in his country's defense."

It can readily be seen that provisions are made by Section 521 for the stay of proceedings, if it appears to the court a defendant's ability to conduct his defense in an action is materially affected by reason of his military service. Relief against a default judgment is provided in Section 520. Stay of execution of judgments and vacation, or stay of attachments and garnishments, are provided for in Sections 523 and 524. Sections 531 and 532 prohibit repossession or seizure of real or personal property under a mortgage, purchase contract, or installment contract with a person in military service, except by proceedings in court. If such court proceedings are instituted, they are subject to the provisions of subsection (3) of Section 531:

"(3) Upon the hearing of such action the court may order the repayment of prior installments or deposits or any part thereof, as a condition of terminating the contract and resuming possession of the property, or may, in its discretion, on its own motion, and shall, on application to it by such person in military service or some person on his behalf, order a stay or proceedings as provided in this Act (sections 501–548 and 560–590 of this Appendix) unless, in the opinion of the court, the ability of the defendant to comply with the terms of the contract is not materially affected by reason of such service; or it may make such other disposition of the case as may be equitable to conserve the interests of all parties."

The Congress of the United States has by the enactment of the Civil Relief Act of 1940, supra, very carefully provided for the protection of those serving in the armed forces of this country. However, it is

clear that if an action is begun and service is had and notice is given of such action to the serviceman, it is incumbent upon him or his agent to bring to the attention of the court the fact of his service connection. It is further clear that the court may, of its own motion, or upon application to it by such serviceman, stay such action, unless in the opinion of the court, the ability of the defendant to conduct his defense is not materially affected by reason of his military service.

In this case, the fact of military service of the appellant Richardson was brought to the attention of the court, though by plea to abate rather than by proper application for a stay. There was no application to stay or vacate the seizure of the trailer. There was nothing alleged in the plea, nor does the record disclose any evidence furnished the court that would indicate that appellant's defense was materially affected by his military service.

We think, under proper showing and pleading, the court would have had the power to vacate the seizure of the trailer under the writ of detinue. However, in the absence of such pleading and application, we can find no authority which indicates the court was in error in failing to do so on its own motion.

In addition to the continuances of the case, the defendants were reasonably protected from damage resulting from an unfounded suit by a $6,000 replevin bond. Had appellants successfully defended the suit at trial on the merits, the bond would have been available to recover damages.

■ The cases uniformly hold that a stay, whether on the court's own motion or by application, is a matter for the discretion of the court, based on its finding as to whether the defense of the suit was materially affected by military service. Such discretion is not reviewable on appeal except for clear abuse. Boone v. Lightner, 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587; 130 A.L.R. 774.

Since the appellants made no application for stay or to vacate the seizure of the property sued for, nor offered any plea or evidence that their defense of the suit was materially affected by one of them being in military service, or that they had a meritorious defense of the suit, there is no ruling or action of the court for our review on the assigned error on this point.

■ The court did more than requested. Trial and judgment were delayed until appellant was out of military service. No default was entered. A bond to indemnify for wrongful suit or detention was filed. Appellants had no right to abatement of the suit, only the right to a stay. This right was given.

Since we have concluded that a pleading of the Soldiers and Sailors Civil Relief Act is neither in bar nor abatement on the merits of a suit in detinue, the refusal of the trial court to allow in evidence certain testimony of appellants as to the military service of appellant Richardson at the time of the bringing of the suit, if error, was error without injury, since at the time of trial, appellant was no longer in service and was not protected by the Act. Rule 45, Supreme Court Rules.

■ Appellants, as well as can be determined from brief, apparently contend that the seizure of the trailer by the sheriff and the filing of a replevin bond by the appellee within ten days thereafter, before service of the summons and complaint on one of appellants, is somehow reversible error. We are not cited to any authority on this point. There were no pleadings filed nor rulings of the trial court in that regard. We therefore cannot consider there was any error.

In any event, the provisions of Title 7, Section 918, Code of Alabama 1940, were strictly followed. The statutory action of detinue combines the common-law actions of detinue and replevin. Common-law detinue still exists in this state and does not involve recovery of property at the time of

suit but only after judgment. Common-law replevin was for the immediate recovery of personal property wrongfully taken, and wrongfully detained. The property sued for was seized at the institution of suit upon filing of bond.

■ Statutory detinue in Alabama is a double action for immediate recovery of personal property, whether lawfully or unlawfully taken, but to which the plaintiff has an immediate right to possession, and which defendant unlawfully detains and for such detention damages may be recoverable. Thus, it contains elements of action in rem and in personam. The statutory provisions as to immediate seizure by the sheriff upon giving bond is, in effect, an action in rem. The right of seizure is dependent only upon filing of suit and the requisite bond and not upon personal service of the summons and complaint. Rich v. Lowenthal, 99 Ala. 487, 13 So. 220.

■■ Appellants attempt to take advantage of the fact that the replevin bond made by appellee was dated prior to the filing of suit and seizure of the property. We see nothing fatal in this. The date of the execution of the bond by the sureties has nothing to do with its validity. Its validity is determined by its conditions and the date of filing and approval. In any event, no attack was made upon the bond in the court below and it is not a matter for review on appeal.

■■ The only other matter of complaint by appellants which can be devined from brief and assignments of error is that the evidence introduced by plaintiff below failed to prove the necessary elements of a suit in detinue. We cannot agree. Plaintiff introduced into evidence an instrument made up of a title retention sales contract for the trailer sued for with an attached note executed by the defendants. This instrument showed an assignment to plaintiff.,

Plaintiff based its title and right to possession of the property sued for on the contract, and with its introduction, a prima facie case for recovery in detinue was established. The legal title and right to immediate possession are sufficient to support the action in detinue. Cornelius v. Copeland, 274 Ala. 337, 148 So.2d 620; Pinckard & Lay v. Bramlett, 165 Ala. 327, 51 So. 557.

Appellants introduced no evidence in denial of plaintiffs title or right to possession. They showed no payment or proof that the note was paid. They made no objection to the introduction of the contract and note. They now attempt to contend that the contract was marked for identification but not introduced into evidence and was therefore not before the court. The record shows to the contrary. The record supports the judgment for the property sued for as entered below. There is no error.

Affirmed.