BRADLEY, Judge.
This is a pro se appeal from a default judgment in a divorce case.
The wife filed an action for a divorce on the ground of incompatibility and sought custody of the parties’ two minor children. The husband, an inmate of a Georgia state prison, was served by certified mail. He did not answer the complaint or appear further in the case. The court received the deposition of the plaintiff-wife and also heard her testimony in chambers. This testimony was not recorded. Based on the complaint, and on the deposition and oral testimony of the wife, the court granted her a divorce for incompatibility, awarded her custody of the two minor children, and retained jurisdiction of the child support and visitation questions. From this judgment, the husband appeals.
In his brief here, which was late and failed to show that a copy had been served on the wife, the husband, in effect, contends that the wife is not a fit person to have custody of the minor children and that the court erred in awarding their custody to her. This contention is supported by statements intended to show that the mother is not a fit person to be the children’s custodian.
It is readily apparent that the husband’s arguments and statements should have been presented to the trial court rather than to this court, for we are bound to decide the issues raised on appeal based on the pleadings and evidence set out in the record filed with this court. Poston v. Gaddis, Ala., 372 So.2d 1099 (1979).
The trial court had before it the complaint and deposition of the wife and also her testimony, which was not recorded, when it made its decision. We cannot say that this evidence requires a reversal of this judgment, especially in view of the principle that where the trial court hears evidence that is not before this court for review, its judgment must be affirmed. Poston v. Gaddis, supra.
No other issue having been presented for review, the trial court’s judgment is affirmed.
The wife’s motion to dismiss the appeal is denied.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.