The father appeals from an order of the Circuit Court of Autauga County, Alabama (trial court), which awarded permanent legal custody of the parties' minor children, Brett, age thirteen, and Trent, age eleven, to the mother.
In 1983 the parties were divorced in Alabama. The divorce decree adopted an agreement of the parties which provided, in pertinent part, that the minor children would reside with the father for the first year, the mother for the second year, and thereafter the future pattern of the children's residence was to be determined by the mutual agreement of the parties.
The mother has continued to reside in Alabama since the divorce. The minor children have resided with the father, who is in *Page 1015 
the military, since the divorce. They have made periodic visits to Alabama to see the mother. The mother testified that the father has not complied with the "mutual agreement" aspect of the custody provision on several occasions.
Affidavits of both the mother and the father state that the boys and their father resided in South Carolina from mid-1983 until December 1984. From January 1985 until May 1986 the boys lived with their paternal grandparents in Texas. From May 1986 until July 1987 the boys lived with their father in Germany, where he was stationed with the military.
On July 7, 1987 the father filed a petition in a Texas court identifying himself as a Texas resident and requesting that he be appointed temporary managing conservator of the minor children. The mother filed a special appearance and advised the Texas courts that she was not a Texas resident. She further alleged that Alabama, not Texas, had jurisdiction under the Parental Kidnapping Prevention Act (PKPA).
After a hearing the Texas court took jurisdiction of the children based on a finding of temporary emergency. The Texas court held a hearing on the matter of temporary conservatorship in August 1987. The father was appointed temporary managing conservator of the children. The mother was to enjoy visitation rights with the minor children in Alabama from August 12, 1987 until August 29, 1987. She was then to surrender the children to the father. The case was set for trial on the merits for September 23, 1987. The mother filed a petition for writ of prohibition and for writ of mandamus in both the Texas Court of Appeals and the Supreme Court of Texas. Both Texas appellate courts have denied her request for relief.
On July 24, 1987 the mother filed in the Alabama trial court a petition for rule nisi and a petition for modification of the custody provisions of the divorce decree. She requested that custody of the parties' minor children be awarded to her. A hearing was set for September 16, 1987. The father was personally served in Texas on August 10, 1987.
On the date set for hearing in Alabama the father's attorney filed a motion to dismiss or for continuance in open court. This motion stated that the Alabama courts did not have jurisdiction to hear the matters before it because there were on-going custody proceedings in Texas. This motion was denied and the hearing proceeded.
The trial court entered its order on September 17, 1987 which recognized that there existed a jurisdictional dispute over this matter with the courts in Texas. However, the trial court determined that Alabama had continuing jurisdiction over this matter pursuant to the 1983 divorce decree and the trial court refused to relinquish its jurisdiction. The trial court also found that the Texas courts had improperly assumed jurisdiction under the PKPA.
After addressing the jurisdictional questions, the trial court determined that there had been a substantial and material change of circumstances and granted the wife's petition for modification.
The father's motion for reconsideration — based upon the argument that Texas had properly assumed jurisdiction of this matter and the order of the trial court should be vacated — was denied. The father filed his notice of appeal on December 23, 1987.
The father contends that the trial court erred when it determined that it had continuing jurisdiction in light of the judgments rendered by the Texas courts. He also argues that the trial court erred when it failed to give full faith and credit to the Texas judgments because the proceedings in Texas had been initiated prior to the commencement of the Alabama proceedings.
The PKPA, 28 U.S.C.A. § 1738A (West Supp. 1987), provides, in pertinent part:
 "(a) The appropriate authorities of every State shall enforce according to its terms, and shall not modify except as provided in subsection (f) of this section, any child custody determination made consistently with the provisions of this section by a court of another State.
". . . *Page 1016 
 "(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if —
 "(1) such court has jurisdiction under the law of such State; and
"(2) one of the following conditions is met:
 "(A) such State (i) is the home State of the child on the date of the commencement of the proceeding, or (ii) had been the child's home State within six months before the date of the commencement of the proceeding and the child is absent from such State because of his removal or retention by a contestant or for other reasons, and a contestant continues to live in such State;
". . .
 "(C) the child is physically present in such State and (i) the child has been abandoned, or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse;
". . . or
 "(E) the court has continuing jurisdiction pursuant to subsection (d) of this section.
 "(d) The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long
 as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant.
". . .
 "(f) A court of a State may modify a determination of the custody of the same child made by a court of another State, if —
 "(1) it has jurisdiction to make such a child custody determination; and
 "(2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.
 "(g) A court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination."
In Ex parte Blanton, 463 So.2d 162 (Ala. 1985), the Alabama Supreme Court sought to determine whether Louisiana or Alabama had jurisdiction in the case. The court determined that Louisiana's jurisdiction under the PKPA continued only as long as one of the parties or the children resided in Louisiana. It further stated:
 "If one or more of the above-named parties continued to reside in Louisiana at the time the Mobile court exercised its jurisdiction, the Louisiana court's continuing jurisdiction triggered § 1738A (g) and the action of the Mobile court, even though proper under Alabama's `home state' provision, was barred."
Blanton, 463 So.2d at 167. However, in Blanton, neither the children nor any of the parties continued to reside in Louisiana at the time that the Alabama courts assumed jurisdiction. Therefore, Alabama properly assumed jurisdiction.
In this case the Alabama court maintained continuing jurisdiction to modify its original decree under section (d) of the PKPA, because the mother had remained a resident of Alabama. The question of whether the Texas court had jurisdiction to entertain the petition filed for an emergency or temporary order for protection of the children is not questioned by this court. The law provides for such an order.28 U.S.C.A. § 1738A (c)(2)(C) (West Supp. 1987); Via v.Johnston, 521 So.2d 1324 (Ala.Civ.App. 1987); Mitchell v.Mitchell, 437 So.2d 122 (Ala.Civ.App. 1982). However, the petition for temporary conservatorship culminated in a modification of the Alabama decree as to custody of the children. Alabama has not declined to exercise its jurisdiction according to section (f)(2) of the PKPA, and, in fact, was continuing to exercise it at the time of the final Texas decree. We are constrained to hold that the Texas court did not have jurisdiction to modify the Alabama decree of custody in this case. The Texas decree *Page 1017 
therefore was not entitled to full faith and credit. Applegatev. Gant, 460 So.2d 1293 (Ala.Civ.App. 1984); Flannery v.Stephenson, 416 So.2d 1034 (Ala.Civ.App. 1982).
The father also asserts that the trial court erred when it denied him the opportunity to be heard in opposition to the mother's petitions due to the fact that he was in Germany on military orders at the time of the hearing. He contends that the Soldiers' and Sailors' Civil Relief Act of 1940 (50 U.S.C.A.App. §§ 501-591 (1982)) required a continuance in this case.
The only ground raised in his motion to dismiss or for continuance filed on the day of the hearing was that the matter was currently pending in the Texas courts. At no time during the hearing did his attorney raise an issue as to his military service requiring that the hearing be continued. Neither did he advance such an argument in his motion for reconsideration. This court will not put the trial court in error on a matter which was not presented to nor decided by that court, especially in situations where abuse of discretion is alleged.Bevill v. Owen, 364 So.2d 1201 (Ala. 1979).
We have previously held in Richardson v. First National Bank,46 Ala. App. 366, 370-371, 242 So.2d 676, 679-680 (1970), that under the Soldiers' and Sailors' Civil Relief Act:
 "[I]t is clear that if an action is begun and service is had and notice is given of such action to the serviceman, it is incumbent upon him or his agent to bring to the attention of the court the fact of his service connection. It is further clear that the court may, of its own motion, or upon application to it by such serviceman, stay such action, unless in the opinion of the court, the ability of the defendant to conduct his defense is not materially affected by reason of his military service."
In Richardson, the fact of his military service was raised "by plea to abate rather than by proper application for a stay." Richardson, 46 Ala. App. at 371, 242 So.2d at 680. We held that in the absence of evidence that Richardson's defense was materially affected by his military service and in the absence of a proper application for a stay, the trial court cannot be held in error for failing to stay on its own motion.
Therefore, we cannot hold the trial court in error for its failure to continue this action.
The father also alleges that the trial judge erred in refusing to recuse himself. The father filed both the motion for recusal and the notice of appeal on December 23, 1987. The legislature granted this court exclusive jurisdiction of all appeals in domestic relations cases in Ala. Code § 12-3-10
(1975). When the father filed a notice of appeal prior to the trial court ruling on his motion for recusal, he withdrew from the trial court the authority to rule on his motion. Farmer v.Farmer, 398 So.2d 723 (Ala.Civ.App. 1981).
This case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.