ADAMS, Justice.
Appellant, Stephen G. Crouch, sued in Jefferson County Circuit Court to recover damages for injuries allegedly received by him in the crash of a military helicopter. Mrs. Crouch sued to recover for loss of consortium. Named as defendants in this action were the appellees, United Technologies Corporation, General Electric Company, and Norton Company. Summary judgment was granted in favor of all defendants, and Crouch appeals.[1] We affirm.
The facts of this case are undisputed and can be summarized as follows:
Crouch enlisted in the United States Army in 1961. He re-enlisted in 1969 and remained on active duty until April 4, 1987, at which time he received a medical discharge with cumulative military service of over 20 years.
On August 25, 1981, Crouch was involved in the crash of a UH-60A “Black Hawk” helicopter and allegedly injured. The crash occurred in the vicinity of Ft. Bragg, North Carolina, and the helicopter involved was assigned to Ft. Bragg at the time. Neither Crouch nor his wife was a resident of the State of Alabama at the time of the crash. No action is alleged to have been taken by anyone within the State of Alabama to cause or contribute to this crash.
Plaintiffs also filed suit in the Circuit Court for Escambia County, Florida, against the same defendants for injuries sustained in the crash. (That action shall be referred to as the “Florida lawsuit.”) *221 Plaintiffs were represented in that Florida lawsuit by the same counsel as in this case. During the Florida lawsuit, extensive discovery was conducted, which included the taking of eight depositions. On October 6, 1986, the Florida lawsuit was dismissed for plaintiffs’ lack of prosecution. No request for a stay was made under the provisions of the Soldiers’ and Sailors’ Civil Relief Act, 50 U.S.C.App. § 521, in the Florida lawsuit; plaintiffs failed to file a motion to vacate the order of dismissal based upon Crouch’s being in active military service. No appeal from the order of dismissal was taken by plaintiffs.
On August 21, 1987, plaintiffs filed a third lawsuit based on the same facts against the same defendants, in the State of Mississippi.
The sole issue on appeal in this matter is whether the Soldiers’ and Sailors’ Civil Relief Act, 50 U.S.GApp. § 525, tolls Alabama’s statute of limitations in favor of a serviceman absent any showing that military service impairs his ability to prosecute a suit.
The Soldiers’ and Sailors’ Civil Relief Act of 1940, 50 U.S.C.App. §§ 501 et seq. (“SSGRA”), was enacted to protect the rights of United States servicemen while enlisted in the armed forces and thus prevented from adequately managing their civil affairs. The Act states:
In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is hereby made to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this Act [sections 501 to 691 of this Appendix] remains in force. (Oct. 17, 1940, ch. 888, § 100, 54 Stat. 1179.)
50 U.S.C.App. § 510. The two major considerations prompting the enactment of this legislation are, as interpreted by the federal courts:
[F]irst, the maintenance in the armed forces of a reasonable measure of that unbothered serenity and security in respect of personal responsibilities which effectively promotes military efficiency and the national defense; and secondly, the assurance that in the field of individual justice no advantage in judicial proceedings by or against a soldier or sailor will result from his absorption in his country’s defense.
Bowsman v. Peterson, 45 F.Supp. 741, 743 (D.C.Neb.1942).
Our attention is directed to two sections of this Act: §§ 521 and 525, which we cite in full:
§ 521. Stay of proceedings where military service affects conduct thereof
At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act [sections 501 to 591 of this Appendix], unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service. (October 17, 1940, ch. 888, § 201, 54 Stat. 1181.)
§ 525. Statutes of limitations as affected by period of service
The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or against any person in military service or *222 by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service, nor shall any part of such period which occurs after the date of enactment of the Soldiers’ and Sailors’ Civil Relief Act Amendments of 1942 [Oct. 6, 1942] be included in computing any period now or hereafter provided by any law for the redemption of real property sold or forfeited to enforce any obligation, tax, or assessment. (Oct. 17, 1940, ch. 888, § 205, 54 Stat. 1181; Oct. 6, 1942, ch. 581, § 5, 56 Stat. 770.)
Appellant, Crouch, first argues that § 525 of the SSCRA applies to all persons in military service and does not exclude career personnel. As support for this argument, appellant cites Bickford v. United States, 656 F.2d 636, 228 Ct.Cl. 321 (1981) in which the plaintiff, an Army J.A.G. Corps officer contested the Army’s leave program through which he attended law school.[2] Nine years after graduating from law school, the plaintiff filed suit for back pay. The United States defended on the statute of limitations and by asserting that § 525 required a demonstration that military service had handicapped the serviceman’s ability to bring suit. The Court of Claims held that the only critical factor was military service and that once that circumstance was shown, the period of limitations was automatically tolled for the duration of service. Bickford, 656 F.2d at 639, citing Ricard v. Birch, 529 F.2d 214 (4th Cir. 1975).
Appellees counter by arguing that the application of § 525 to a given situation is within the court’s discretion. They first cite Richardson v. First National Bank of Columbus, Georgia, 46 Ala.App. 366, 371, 242 So.2d 676 (Ala.Civ.App.1970), which states, in interpreting § 521 of the SSCRA:
It is further clear that the court may, of its own motion, or upon application to it by such serviceman, stay such action, unless in the opinion of the court, the ability of the defendant to conduct his defense is not materially affected by reason of his military service.
They also cite Pannell v. Continental Can Co., F.2d 216 (5th Cir.1977). In Pan-nell, the plaintiff was a career serviceman who had remained in the military over 31 years. Plaintiff claimed that § 525 extended the time he had to file suit. The Fifth Circuit Court of Appeals disagreed, noting that plaintiff had remained in the military voluntarily far beyond his years of compulsory military service. Pannell, 554 F.2d at 225. The court held:
We are of the opinion that the Soldiers’ and Sailors’ Civil Relief Act, 50 U.S.C.A. App. § 525 is inapplicable to a career service man like Colonel Pannell. He is not shown to have been handicapped by his military service from asserting any claim he had prior to the expiration of the prescribed period. Thus the prescriptive period was not tolled as to him.
While this question is new in this court two state court decisions are persuasive. King v. Zagorski, 207 So.2d 61(Fla.D.Ct.-App.1968) holds that a former service man who purchased land sixteen years after entering military service, who made no claims to ignorance of state laws as to payment of taxes or consequences of nonpayment and was under no handicap because of military service, could not redeem property under the Soldiers’ and Sailors’ Civil Relief Act, stating:
“It (the Act) was not aimed primarily as protection for the career military man; certainly it was not reasonably intended to provide a cloak of immunity to a property owner who, even though in military service, was in no way disadvantaged from the ordinary civilian in payment of his normal ad valorem taxes for the upkeep of government. We find no reported case wherein the Civil Relief Act has been sought to be applied to a state of facts such as exists here.”
*223 Id. at 65.
Bailey v. Barranca, 83 N.M. 90, 488 P.2d 725 (1971), is to the same effect.
We agree with the appellees. The general rule in Alabama regarding the application of the SSCRA is stated in Brown Service Ins. Co. v. King, 247 Ala. 311, 24 So.2d 219 (1945):
[T]he Act does not apply merely because such person is in military service, and is not to be invoked for a needless purpose, but is to be administered as an instrument to accomplish substantial justice, Hunt v. Jacobson, 1942, 178 Mise. 201, 33 N.Y.S.2d 661, and has application only when the military service has prevented or is preventing a member of the military forces from meeting the obligations imposed upon him by the instrument sued on. Brooklyn Trust Co. v. Papa, Sup. 1941, 33 N.Y.S.2d 57.
Our appellate courts have held that the granting of relief under the SSCRA is discretionary, based on the Court’s finding that the applicant’s defense of the suit is materially affected by military service, whether he be career or not. Richardson v. First Nat. Bank of Columbus, Ga., 46 Ala.App. 366, 242 So.2d 676 (Ala.Civ.App.), writ denied, 286 Ala. 737, 242 So.2d 681 (1970). Applying our precedent to the facts of this case, we find that Crouch was not detrimentally affected by military service in his ability to prosecute a civil claim for this alleged injury, as evidenced by his initiating suit in the State of Florida. Appellant failed to present any other evidence that would prove he was prejudiced by his military service in his effort to prosecute this suit. Furthermore, we believe the ends of justice would not be served if we allowed Crouch to succeed in his westward search for an amenable forum. We, therefore, affirm.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.

. Mrs. Crouch does not appeal.

. The Army’s excess leave program allowed officers up to 3½ years of unpaid leave to obtain a law degree and to pass the bar examination.