THE STATE OF OHIO, APPELLANT, *v.*
BRYANT, APPELLEE.

(No. WD-88-11—Decided
October 21, 1988.)

*Betty D. Montgomery,* prosecuting attorney, and *Scott T. Coon,* for appellant.

*Charles E. Boyk,* for appellee.

*Per Curiam.* This cause is on appeal from a judgment of the Wood County Court of Common Pleas.

Defendant-appellee, Terry L. Bryant, was indicted on September 24, 1987 by the Wood County Grand Jury on charges of kidnapping with a firearm specification. The charges stemmed from an incident that took place on September 2, 1987. On that date, appellee allegedly restrained his wife, Peggy Bryant, in their trailer, against her will. Appellee is accused of brandishing a shotgun while threatening the life of Peggy Bryant, and discharging the weapon inside the trailer. Appellee entered a plea of not guilty to the charges.

On January 8, 1988, appellee filed a motion *in limine,* seeking to suppress all previously made statements and all potential testimony of Peggy Bryant. Appellant, the state of Ohio, opposed appellee's motion and requested an oral hearing on the matter.

After hearing oral argument, the trial court granted appellee's motion. The court held that Mrs. Bryant was prevented from testifying at trial and found that statements made by Mrs. Bryant to police officers and others were not admissible as the statements of an unavailable witness. It is from this order that appellant appeals, setting forth the following assignment of error:

"The trial court erred in granting the defendant's motion *in limine* to exclude the testimony of his wife, Peggy Bryant, upon the defendant's assertion of his spousal privilege pursuant to Section 2945.42 of the Ohio Revised Code."

In its memorandum decision, the trial court found that Peggy Bryant was competent to testify under Evid. R. 601. This rule provides, in part:

"Every person is competent to be a witness except:

"* * *

"(B) A spouse testifying against the other spouse charged with crimes except crimes against the testifying spouse or the children of either * * *."

Due to the fact that appellee is charged with a crime against his wife (kidnapping), the court concluded that she was competent under Evid. R. 601 (B) to testify. However, the trial court held that Peggy Bryant was barred from testifying against her husband because he had invoked the "privilege" accorded him by R.C. 2945.42.

Preserved by Evid. R. 501 as the rule specifically governing spousal privilege, R.C. 2945.42 provides, in part:

"* * * Husband or wife shall not testify concerning a communication made by one to the other, or act done by either in the presence of the other, during coverture, unless the communication was made or act done in the known presence or hearing of a third person competent to be a witness, or in case of personal injury by either the husband or wife to the other, or rape or felonious sexual penetration in a case in which the offense can be committed against a spouse, or bigamy, or failure to provide for, or neglect or cruelty of either to their children under eighteen years of age or their physically or mentally handicapped child under twenty-one years of age, or neglect or abandonment of such spouse under such sections. * * *"

The trial court found that appellee was not charged with any of the enumerated crimes and, therefore, could not be barred from invoking the privilege regarding adverse spousal testimony. The court also found that, in an affidavit before the court, Peggy Bryant specifically denied being harmed or being in fear and stated that the couple's children, who were present in the trailer, were under ten years of age and presumed incompetent as witnesses. The court held that police at the scene did not qualify as "third persons" for purposes of R.C. 2945.42 because they were out of appellee's view. The court concluded that Peggy Bryant could not be compelled to testify and that her prior statements did not meet any of the hearsay exceptions enumerated by Evid. R. 804(B). In view of the trial court's holding, as well as appellant's arguments, the issue before the court is not Peggy Bryant's competency as a witness, but, rather, the applicability of spousal privilege.

The United States Supreme Court has provided that the witness-spouse, rather than the defendant-spouse, is the holder of the privilege. See *Trammel* v. *United States* (1980), 445 U.S. 40, 53. However, many states, including Ohio, have maintained the rule that the privilege may be invoked by an accused so as to prevent a spouse from becoming a witness for the prosecution.

Regardless of which spouse holds the privilege, the privilege is clearly based upon a policy of protecting confidences, and most courts require the element of confidentiality. See, *e.g.*, *Blau* v. *United States* (1951), 340 U.S. 332. This notion of confidentiality has been repeatedly adhered to in Ohio as well as in states with statutes similar to Evid. R. 601(B). For example, the Indiana Supreme Court recently held that:

"* * * [A]lthough the statute does not include the term 'confidential,' we

have consistently held the privilege only protects such communications 'as pass from one to the other by virtue of the confidence resulting from their intimate relations with one another.' * * *" *Kindred* v. *State* (1988), 524 N.E. 2d 279, 295.

The Ohio Supreme Court has held that:

"* * * R.C. 2945.42 confers a substantive right upon the accused to exclude privileged spousal testimony concerning a *confidential* communication made or act done during [marriage] * * *." (Emphasis added.) *State* v. *Rahman* (1986), 23 Ohio St. 3d 146, 149, 23 OBR 315, 317, 492 N.E. 2d 401, 405.

· Several factors, including the nature of the message or the circumstances under which it was delivered, may destroy a claim that confidentiality was intended. McCormick, Evidence (3 Ed. Cleary Ed. 1984) 193, Section 80. For example, the Ohio Supreme Court has held that threats of bodily harm, being an obvious violation of marital duty, should not be privileged. *State* v. *Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. In *Antill, supra,* the court found that when a person is tried for assaulting his spouse, the basis for the privilege, *i.e.,* to promote marital peace, is lacking. *Id.* at 64, 26 O.O. 2d at 368, 197 N.E. 2d at 551.

In *State* v. *Mowery* (1982), 1 Ohio St. 3d 192, 1 OBR 219, 438 N.E. 2d 897, the Ohio Supreme Court adopted a balancing test to determine "* * * '* * * whether the privilege against adverse spousal testimony promotes sufficiently important interests to outweigh the need for probative evidence in the administration of criminal justice.'* * *" *Id.* at 199, 1 OBR at 226, 438 N.E. 2d at 903, quoting *Trammel, supra,* at 51. ·

In applying this test to the case *sub judice,* we note that the United States Supreme Court has held that certain privileges, grounded in substantial individual interests, may outweigh the public interest in the search for truth. *United States* v. *Bryan* (1950), 339 U.S. 323, 331. Such privileges, however, should be narrowly construed and are accepted only to the "limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth. * * *" *Elkins* v. *United States* (1960), 364 U.S. 206, 234 (Frankfurter, J., dissenting).

In the instant case, there is no "public interest" to be served by excluding Peggy Bryant's testimony. The alleged wrongdoer in this case has not only threatened harm to his wife, he has also acted against the public, "* * * and it is for his offense against the public that he is subject to criminal prosecution. When the injured spouse is a witness for the state [her] competency cannot be affected by [her] desires or fears. [She] must testify to protect the public. * * *" *State* v. *Antill, supra,* at 64, 26 O.O. 2d at 367, 197 N.E. 2d at 551.

In conclusion, we find that the threats and/or acts of appellee were not "confidential communications" within the purpose of the law. Peggy Bryant is a competent witness, pursuant to Evid. R. 601(B) and R.C. 2945.42, and appellee may not assert the privilege set forth in R.C. 2945.42 to preclude her testimony as to the kidnapping at issue.

Accordingly, appellant's sole assignment or error is found well-taken and the judgment of the Wood County Court of Common Pleas, granting appellee's motion *in limine,* is reversed. This cause is remanded to said court for proceedings not inconsistent with this decision. It is ordered that ap-

pellee pay the court costs of this appeal.

*Judgment reversed
and cause remanded.*

CONNORS, P.J., HANDWORK and GLASSER, JJ., concur.