YATES, Judge.
The parties were divorced in 1979. By agreement, the mother was awarded custody of the parties’ minor child and the father was to pay $100 per month child support and the cost of the child’s college education. The divorce judgment was modified in 1982, increasing the father’s support obligation to $200 per month; all other pertinent provisions remained unaltered.
On June 18, 1992, the mother petitioned for a modification, seeking an increase in child support and seeking to enforce the provision of the original judgment requiring that the father pay for the child’s college education. The father’s failure to answer resulted in the entry of a default judgment, but that default judgment was later set aside. Following a pretrial conference, the court, seeking an amicable resolution, appointed a mediator. The parties participated; however, following a brief discussion, the mediator made a report, on October 14, 1993, indicating that the “situation [was] not really suitable for mediation.” Following a formal pretrial conference on January 12, 1994, the matter was submitted on affidavits, without objection by the parties.
On February 16, 1994, the court ordered the father to pay to the mother approximately $5500 for college expenses she had incurred on behalf of the child for the previous year and to pay $612 in attorney fees. It also ordered the father to pay post-minority education support. Further, the court allowed the father a proportionate reduction in tuition for any term in which the child is not a full-time student and allowed the father a credit equal to 50% of any scholarship or grant the child received. The father appeals, following the denial of his post-trial motion; in that post-trial motion he objected, for the first time, to the cause being submitted on affidavits. He contends that the trial court committed reversible error in rendering a final judgment in the absence of a trial “or other appropriate due process.”
We first note that on appeal this court must decide issues on the basis of the pleadings and the evidence set out in the record. Creamer v. Creamer, 392 So.2d 247 (Ala.Civ.App.1980). This court cannot consider assertions of fact contained only in the briefs of the parties. Palmer v. Bentley, 634 So.2d 559 (Ala.Civ.App.1994). The record shows that the matter was submitted on the pleadings and affidavits of the parties, and there is nothing, other than the post-judgment motion filed by the father, to indicate *835 that he objected to the manner in which the case was submitted. An appellant bears the burden of presenting a record containing sufficient evidence to warrant reversal. Seidler v. Phillips, 496 So.2d 714 (Ala.1986). Nothing in the record before this court supports a reversal.
The father next contends that there was insufficient evidence to support the monetary award. The wife, in her affidavit, set out the education costs for the preceding year, as well as the estimated costs for the upcoming year. The husband, in his affidavit, did not contest those amounts listed by the wife, but argued that the child could be educated for substantially less money if she attended a college in the immediate area and lived at home. He argues that he should not be required to pay tuition at a school that he did not choose. The judgment is supported by uneontradicted evidence.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.