THOMAS, Judge.
 

 Simmie Murray Knight (“the father”) and Cassandra J. Knight (“the mother”) were previously divorced. They have two minor children, whose physical custody
 
 *880
 
 was placed with the mother; the father has visitation rights. In addition, the father paid $389 per month in child support and was required to pay half of the children’s noncovered medical expenses. On August 18, 2006, the mother filed a petition to modify the father’s child-support obligation and visitation rights; she further sought an order that the father pay any noncovered medical expenses “in a timely manner.” The father answered and counterclaimed, seeking a reduction in his child-support obligation. After a trial at which the parties and the children testified, the trial court entered a judgment ordering that the father’s child-support obligation be increased to $617 per month “until the children have completed their formal college education or turn 23 years of age, whichever occurs first,” finding the father in contempt for failing to pay child support in November and December 2006, ordering that the father pay $2,009.16 for his share of the children’s noncovered medical expenses and the November and December child support within 21 days of the entry of the judgment, ordering that the father have no visitation with the older child unless she chose to visit with him, and ordering that the father have only daytime visitation with the younger child on both Saturday and Sunday every other weekend. The father filed a postjudgment motion, which was denied.
 

 The father appeals the modification judgment, raising five issues on appeal. He first argues that the trial court incorrectly calculated his child-support obligation when the evidence of record does not establish his income to be the amount that the trial court used in arriving at the $617 figure; he also complains that the trial court exceeded its authority in ordering that his child-support obligation continue past the age of majority of the children. The father further disputes the amount of the medical expenses the trial court ordered him to pay. The father next argues that the trial court failed to apply the clean-hands doctrine in finding him in contempt but not addressing the mother’s alleged contempt in failing to have the children visit the father for four months. Finally, the father argues that the trial court erred by not including the language required by Ala.Code 1975, § 30-3-166, a part of the Alabama Par-enh-Child Relationship Protection Act, codified at Ala.Code 1975, § 30-3-160 et seq.
 

 We will first address the father’s argument that the trial court erred in ordering that he pay $2,009.16 in past-due noncovered medical expenses and past-due child support. The mother produced a composite exhibit of medical bills and receipts as support for her testimony that the father owed $2,009.16 in past-due non-covered medical expenses and child support. The father did not object to the introduction of this exhibit. The father testified that he had gone to the Department of Human Resources (through which his child support is collected) to pay the medical expenses; he then said that he had discovered that the mother had duplicated some of the expenses. According to the father, on the advice of his attorney, he had chosen not to pay the expenses so that the issue could be addressed by the court. The father produced no evidence and did not testify about which expenses he believed were duplicated on the mother’s composite exhibit; nor did the father testify about the amount of expenses he believed he owed. Thus, the mother’s testimony that he owed $2,009.16 in past-due uncovered medical expenses and child support was uncontradicted and the trial court’s adoption of that figure is not error, especially in light of the fact that the record does not disclose a basis for disputing the mother’s calculations.
 
 See, generally, Wallace v. Condo,
 
 656 So.2d 833, 835 (Ala.
 
 *881
 
 Civ.App.1994) (affirming a judgment awarding postminority educational support because the mother’s evidence regarding education costs was not contradicted by the father and because the father had failed to present a record containing sufficient evidence to warrant a reversal).
 

 We turn next to the father’s argument that the trial court should not have found him in contempt for violating the child-support provisions of the previous judgment without addressing the mother’s alleged contempt for violating the previous visitation order. Neither the mother nor the father filed a motion requesting that the other be held in contempt. However, the testimony at trial from the mother was that the father had not paid child support in two months. The father testified that the children had not visited him for a four-month period after he had been convicted of driving under the influence. The father never once raised the clean-hands doctrine to the trial court, so we cannot put the trial court in error for failing to apply that doctrine.
 
 Robertson v. Robertson,
 
 532 So.2d 1014, 1017 (Ala.Civ.App.1988) (declining to “put the trial court in error on a matter which was not presented to nor decided by that court”). In addition, a parent’s failure to pay child support is not excused by a lack of visitation.
 
 See, e.g., Willis v. Levesque,
 
 402 So.2d 1003, 1004 (Ala.Civ.App.1981) (“The waiver of rights of visitation in exchange for release from the duty to pay child support is a legal impossibility.”). Therefore, we affirm the trial court’s contempt finding regarding the father.
 

 The father’s argument that the trial court erred in computing his child-support obligation is based on the premise that the trial court did not have the appropriate evidence before it to determine the father’s income. In fact, the record does not contain a Rule 32, Ala. R. Jud. Admin., income affidavit for either party. We have long reversed child-support awards in such situations.
 
 Martin v. Martin,
 
 637 So.2d 901, 902 (Ala.Civ.App.1994). However, we have also determined that, when the record otherwise establishes the parties’ respective incomes, we need not reverse the child-support award for such a technicality.
 
 See Mosley v. Mosley,
 
 747 So.2d 894, 898 (Ala.Civ.App.1999) (quoting
 
 Dismukes v. Dorsey,
 
 686 So.2d 298, 301 (Ala.Civ.App.1996));
 
 see also Devine v. Devine,
 
 812 So.2d 1278, 1282 (Ala.Civ.App.2001).
 

 In this case, the record evidence is sparse. The father testified that he had earned no income in the five months preceding trial because he had invested in a restaurant and was working to open that restaurant during that period. The mother’s attorney asked the father if his approximate monthly income would have been $2,150, had the father continued singing each weekend as a profession. The father denied that he had ever earned that much money per month, stating instead that, although he could possibly sing three nights per week, he seldom sang more than two nights a week, and that he earned, at most, $200 per night. He also testified that, before the most recent five-month period preceding the trial, he would sing only two weekends per month because he wanted to enjoy his weekend visitation with the children on those other two weekends. Thus, the father said, he had earned approximately $800 per month. The father’s previous income is not apparent from the record, although his previous child-support obligation was $389 a month.
 

 The mother testified that she earned $2,750 as a dental hygienist. The mother pays $400 per month for medical insurance to cover the children. Based on the CS-42 child-support-guidelines form in the record, which reports the father’s income as $2,150, the parties’ combined income of
 
 *882
 
 $4,900 results in a $1,003 basic child-support obligation. Once $400 in health-insurance costs are added, the total child-support obligation becomes $1,403. The CS-42 form indicates that the father is responsible for 44% of this amount, or $617.
 

 According to Rule 32(B)(5), Ala. R. Jud. Admin., the trial court, if it determines that a parent is voluntarily unemployed or underemployed, “shall estimate the income that parent would otherwise have and shall impute to that parent that income; the court shall calculate child support based on that parent’s imputed income.” The father’s own testimony supports the trial court’s implicit decision to impute income to the father based on his past earning capability. Despite the lack of child-support income affidavits, we can discern the trial court’s basis for finding the father’s income to be $2,150. Based on the father’s admissions at trial, he would earn $100 or $200 per night for singing in nightclubs and he could sometimes sing three nights a week. However, the father did testify that he had been singing only two nights per week most of the time and that he had chosen to sing only on those weekends that he did not have visitation with his children. If the father earned $200 per night, three nights per week, the father’s income would be $2,400. The $2,150 amount, then, would be less than the amount of income that the father testified he could potentially earn. Because the trial court has the duty of resolving the conflicts in evidence before it,
 
 see Butler v. Coonrod,
 
 671 So.2d 750, 751 (Ala.Civ.App.1995), and because the record supports the trial court’s determination that the father’s income could be $2,150, if he were to continue singing regularly, we affirm the trial court’s imputation of that amount of income to the father.
 

 Although we affirm the trial court’s child-support calculation, the trial court’s child-support award cannot be upheld as it is written. There are only two exceptions to the rule that an obligation to pay child support is extinguished upon a child’s majority — postminority support of disabled children as established in
 
 Ex parte Brewington,
 
 445 So.2d 294 (Ala.1983), and post-minority educational support awarded pursuant to
 
 Ex parte Bayliss,
 
 550 So.2d 986 (Ala.1989), and its progeny.
 
 Ex parte Cohen,
 
 763 So.2d 253, 254 (Ala.1999). Although the evidence did establish that the older child was a junior in high school, was academically successful, and had career aspirations that would require a college education, the mother did not seek or present the evidence necessary for an award of postminority educational support. In addition, although the older child does suffer from a serious medical condition, the mother did not request or establish a need for postminority support under the principles established in
 
 Ex parte Brewington
 
 and its progeny. The younger child suffers from no health problems and is not approaching college age; thus, the mother established no need for either form of postminority support for that child. Therefore, insofar as the trial court’s judgment awarded child support to the children until they completed their “formal education or turned 23 years of age,” the judgment is reversed, and the cause is remanded for the trial court to award child support only during the term of the children’s minority.
 

 Because we are reversing the child-support award, we order the trial court on remand to include in the modification judgment the language required by the Parent-Child Relationship Protection Act, found at § 30-3-166.
 

 The mother requests an attorney fee on appeal; that request is denied.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
 

 
 *883
 
 THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
 

 MOORE, J., concurs in the result, without writing.