MOORE, Judge.
Dana Christine Wampol (“the mother”) appeals from a judgment entered by the Montgomery Circuit Court on competing postdivorce petitions filed by her and Justin Rolfe McElhaney (“the father”).. We affirm in part and reverse in part. .

Procedural History

The parties were divorced by a judgment of the trial court in November 2012. The parties were awarded joint legal custody of their minor child, D.M. (“the child”), the mother was awarded primary physical custody of the child, and the father was ordered to pay monthly child support. On January 2, 2014, the father filed a petition requesting that the mother *976 be required to show cause why she should not be held in contempt of court. On January 24, 2014, the mother filed an answer and a counterpetition, seeking, among other things, sole legal custody of the child and requesting, among other things, that the trial court hold the father in contempt and order him to pay her attorney's fees. ’ On March 5, 2014, the father answered the mother’s counterpetition. On March 6, 2014, the father filed an amended petition seeking,, among other things, increased .visitation or, alternatively, joint physical custody of the child. On April.2, 2014, the mother filed an answer to the amended petition. On June 19, 2014, the mother filed an amendment to her counterpetition, requesting a modification of child support. After a trial,-.the trial court entered a judgment on October 8, 2014, which, among other things, modified the father’s visitation with the child and reduced the father’s child-support obligation. On October 30, 2014, the mother filed a postjudgment motion. On December 9, 2014, the trial court entered a judgment amending'its previous judgment with regard to child support and clarifying the father’s visitation schedule. On January 16, 2015, the mother filed her notice of appeal.

Discussion

On appeal, the mother first argues that the trial court erred in excluding the testimony of Jennifer McElhaney, the father’s current wife, based on the husband-wife privilege. See Rule 504, Ala. R. Evid.
“ ‘ “ ‘The standard applicable to a review of a trial court’s rulings on the admission of evidence is determined by two fundamental principles. The first grants trial judges wide discretion to exclude or to admit evidence.’ ” Mock v. Allen, 783 So.2d 828, 835 (Ala.2000) (quoting Wal-Mart Stores, Inc. v. Thompson, 726 So.2d 651, 655 (Ala.1998))_
“ ‘ “ ‘The second principle “is that a judgment • cannot be reversed on appeal for an error [in the improper admission of evidence] unless' ... it should appear that the error complained of has probably -injuriously affected substantial rights of the parties.” ’ ” Mock, 783 So.2d at 835 (quoting Wal-Mart Stores, 726 So.2d at 655, quoting in turn Atkins v. Lee, 603 So.2d 937, 941 (Ala.1992)). See also Ala. R.App. P. 45. “The burden of establishing that an erroneous ruling was prejudicial is on the appellant.” Preferred Risk Mut. Ins. Co. v. Ryan, 589 So.2d 165, 167 (Ala.1991).’
“Middleton v. Lightfoot, 885 So.2d 111, 113-14 (Ala.2003)., The Alabama Rules of Evidence provide that a judgment can,not be reversed because evidence was improperly excluded unless' ‘the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.’ Rule 103(a)(2), Ala. R. Evid.”
Cooper v. Cooper, 160 So.3d 1232, 1240 (Ala.Civ.App.2014).
At the trial, the mother’s attorney sought to question Jennifer regarding alleged acts of abuse committed against Jennifer by the father. The trial court prevented the mother’s attorney from doing so based on the husband-wife privilege. In Rich v. Rich, 887 So.2d 289 (Ala.Civ. App.2004), this court reasoned:
“The husband-wife privilege ‘ “has for its object the security from apprehension of disclosure — a security in consequence of which confidences will be freely given and not withheld.” ’ Brown v. State, 588 So.2d 551, 556 (Ala.Crim.App. 1991) (quoting Handley v. State, 515 So.2d 121, 125 (Ala.Crim.App.1987), *977 quoting in turn -8 Wigmore, Evidence § 2837 (McNaughton rev.1961)).
“ ‘The confidential communication privilege between spouses applies to “knowledge acquired, by one spouse’s observation of an act of the other spouse in private if the circumstances indicate the actor-spouse did the act in the presence of the other spouse solely because of the confidence normally inspired by the marriage relation.” ’
“Brown, 588 So.2d at 556 (quoting Handley, 515 So.2d at 124-25, quoting in turn Charles W. Gamble, McElroy’s Alabama Evidence § 103.01(4) (3d ed.1977)). The privilege does not protect acts that do not ‘seek the shelter of the intimacy of the marital relationship.’ Brown, 588 So.2d at 557; see also Charles W. Gamble, McElroy’s Alabama Evidence § 103.01(4)(b) (5th ed. 1996) (‘Confidentiality turns upon the intent of the communicating or acting spouse as judged from objective facts.’ (Footnote omitted.)).
“It is obvious to this court that physical abuse by one spouse of the other spouse is not an act or communication for which the abuser is entitled to, or should expect, ‘security from apprehension of disclosure,’ or to which the law’s protection of confidences between spouses should apply. Brown, 588 So.2d at 556. Physical abuse by one spouse of the other spouse is not an act that ‘seek[s] the shelter of the intimacy of the marital relationship’ in the manner contemplated by the husband-wife privilege. Brown, 588 So.2d at 557; see also People v. Johnson, 284 Cal.Rptr. 579, 233 Cal.App.3d 425 (1991) (statements made by a husband to his wife as he was beating her were not privileged because they were an abuse of the relationship on which the privilege was predicated); State v. Bryant, 56 Ohio App.3d 20, 564
N.E.2d 709 (1988) (husband’s threats and abusive behavior toward his wife were not confidential communications and thus were not privileged); Sterling v. State, 814 S.W.2d 261, 262 (Tex.App. 1991) (husband’s abusive treatment of his wife was not a confidential communication).”
887 So.2d at 297-98. Based on this court’s reasoning in Rich, we conclude that the trial court erred in not allowing the mother’s attorney to question Jennifer on the topic of the alleged acts of abuse.
Because domestic violence is relevant to considerations of child custody, see Ala. Code 1975, § 30-3-130, we conclude that the trial court’s error was not harmless. We, therefore, reverse the judgment of the trial court insofar as it addressed the custody and visitation issues raised by the parties and remand this cause with instructions to the trial court to allow the mother to elicit testimony from Jennifer on the subject of the alleged acts of abuse.
We note that the trial court refused to allow the mother’s attorney to make a specific offer of proof;, however, in the present case, “the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.” Rule 103(a)(2), Ala. R. Evid. Specifically, the trial court asked the mother’s attorney if the “testimony [that was] to be elicited from [Jennifer was] “related to some kind of active abuse, to which the mother’s attorney responded in the affirmative. Because the substance of the evidence sought to be obtained is clear, we conclude that no offer of proof was necessary.
The mother next argues that the trial court erred in not finding the father in contempt for failing to pay child support for the month of August 2014. We note, however, that the evidence indicated that *978 Jennifer had written the mother' a check for the .August 201,4 child support but had subsequently, canceled the check because she and the father had separated. Considering those facts, we conclude that the trial court could" have determined that the father’s failure to pay was not willful. See Chunn v. Chunn, 183 So.3d 985, 992 (Ala. Civ.App.2015). Therefore, we cannot hold the trial coui-t in error on this .point.
The mother also argues that the trial court erred in imputing to her income equivalent to $12 per hour instead of minimum wage. We note, however, that the mother admitted that she; was voluntarily unemployed and that she had previously been employed earning $12 an hour. We, therefore, find no error in the trial court’s decision to impute $12 an hour in income to the mother. See Knight v. Knight, 14 So.3d 878, 882 (Ala.Civ.App.2008) (considering past earnings in determining income to be imputed).
The mother also argues that the trial court erred in excluding an autopsy report regarding the father’s sister. We note, however, that a sergeant in the homicide department of the Montgomery Police Department testified to the information that the mother sought to elicit by having the autopsy report admitted into evidence. Thus, the admission of the autopsy report would have been cumulative, and we therefore conclude that any error in the exclusion of the autopsy report was harmless. See MAT Sys., Inc. v. Atchison Props., Inc., 54 So.3d 371, 376-77 (Ala.Civ.App. 2010). Furthermore, although the mother argues that the autopsy report was necessary because, she says, the father disputed the sergeant’s testimony, we conclude that the father’s testimony was not, in- fact, inconsistent with that of the sergeant.
The mother also presents the following arguments: that the trial court erred by not ordering the father to attend an anger-management class; that the trial court erred by increasing the father’s visitation without allegations and proof of a change in circumstances; that the trial court erred by not awarding the mother sole legal custody of the child; and that the trial court erred by not awarding the mother attorney’s-fees. As-noted above, we have determined;that the trial court erred by excluding the testimony of the father’s current wife regarding alleged acts of domestic violence committed against her by the father, and we are remanding the cause for the trial court to allow that testimony. Because the additional issues presented on appeal by the mother might be impacted by the testimony presented on remand, we pretermit discussion of those issues.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.